PEOPLE, *for use of* NATIONAL REGULATOR CO.,
*v.* ROSEWARNE.

1. PLEADING—AMENDMENT—DENIAL NOT ERROR.

In an action against public school contractors and their surety on a bond given pursuant to 3 Comp. Laws 1915, §§ 14827–14830, where the case had been at issue for two years and ten months, the trial court did not err in refusing permission

to defendants to amend their plea to set up that plaintiff
is a foreign corporation doing business in this State in
violation of 3 Comp. Laws 1915, §§ 9063, 9072, since the basis
for this plea, a matter of public record, was one which
plaintiff had as good opportunity for knowing at the time it
filed its original plea as at the time of the trial.

2. PRINCIPAL AND SURETY—STRICTISSIMI JURIS.
   The strict rule of the common law applicable to individual
   gratuitous sureties does not apply to a bonding company
   becoming surety for pay.

3. SAME—SCHOOLS AND SCHOOL DISTRICTS—STATUTORY BONDS—
   NOTICE.
   Notice of its claim given by a subcontractor on a school building
   to the board of education at a time when it had in its
   hands more than enough money belonging to the principal
   contractor to pay said claim is sufficient under 3 Comp. Laws
   1915, § 14828, and, under the circumstances, delay, if any, did
   not operate to discharge the surety from liability.

Error to Wayne; Covert (Frank L.), J., presid-
ing. Submitted January 22, 1929. (Docket No. 119,
Calendar No. 34,143.) Decided June 3, 1929.

Assumpsit by the people for the use and benefit
of the National Regulator Company against William
Henry Rosewarne and others and the Southern
Surety Company of Des Moines, Iowa, on a statutory
surety bond. From a judgment for plaintiff, defend-
ants bring error. Affirmed.

*Mark L. Rowley,* for plaintiff.

*John G. Dunn* and *Robert J. Hanley (Frank W.
Atkinson,* of counsel), for defendants.

POTTER, J. November 22, 1924, plaintiff com-
menced suit against defendants under Act No. 187,
Pub. Acts 1905, 3 Comp. Laws 1915, §§ 14827–14830.
It is alleged and not disputed that the board of
education of the city of Detroit made a contract

with Rosewarne, McNab & Worswick for the construction of the Noble high school for $349,870; that the board of education required such contractors give a bond for the faithful performance of their contract, and Rosewarne, McNab & Worswick entered into a bond as principals with the Southern Surety Company, defendants, as surety, as required, in the sum of $349,870, conditioned upon it building and completing the Noble high school and paying to any subcontractor, or by any such contractor or subcontractor as the same may become due and payable, all indebtedness which may arise from said contractor to a subcontractor or party performing labor or furnishing materials, or any subcontractor to any person, firm, or corporation on account of any labor performed or material furnished in the erection, repairing, or ornamentation of such building. Rosewarne, McNab & Worswick made a contract with Irvine & Meier, Incorporated, for the installation of the heating, plumbing, and generating systems in said building. Irvine & Meier, Incorporated, contracted with the National Regulator Company to install the National System of Automatic Temperature Regulation in said building for $5,450. The proof shows the National Regulator Company sold and delivered the material and performed the work and installed the National System of Automatic Temperature Regulation in accordance with the plans and specifications for the building. It received in payment upon contract, $1,550, leaving $3,900 due. Upon the filing of the declaration, Rosewarne, McNab & Worswick pleaded the general issue and gave notice that plaintiff's declaration did not state a cause of action; did not comply with the provisions of Act No. 187, Pub. Acts 1905; that defendants were discharged from liability because no proper notice was served as provided by Act No. 187, Pub. Acts

1905; that the Noble school was not yet accepted by the board of education; that the work performed was not in accordance with the plans and specifications. The defendant Southern Surety Company likewise filed a plea of the general issue by the same attorneys, giving the same notice of special defenses. The pleas were filed on January 5, 1925. The case was brought on for trial November 25, 1927, two years and ten months after it was at issue. The proof in the case was undisputed that the board of education entered into the contract as alleged with defendants Rosewarne, McNab & Worswick; that the bond mentioned and set forth in the declaration was executed by the Southern Surety Company and the principal contractor; the contract was made with Irvine & Meier; they entered into a contract with the National Regulator Company for the installation of the National System of Automatic Temperature Regulation; the same was installed by the National Regulator Company in accordance with the plans and specifications, in good working order, and the National Regulator Company had paid any and all sums due for labor or material in connection with such installation. It furnished monthly statements of the amount due, and had received $1,500 upon its contract; and the amount due upon the contract at the time of the completion of the installation was $3,900. Defendant's attorney then recalled to the stand Mr. Purcell, plaintiff's witness and the local representative in Detroit of the National Regulator Company, and made proof that the contract made by the National Regulator Company was entered into in the city of Detroit, whereupon he made a motion to amend the plea filed by defendants to set up that the National Regulator Company is a foreign corporation and was not, at the time the contract was entered into or at the time of the suit, authorized

to do business in the State of Michigan. This motion was denied, and thereupon defendant's counsel moved for a directed verdict for both defendants for the reason plaintiff was a foreign corporation, not authorized to do business in the State; that plaintiff National Regulator Company was a subcontractor under Irvine & Meier in the installation of the heating and equipment in the Noble school, and that no notice was given under the provisions of 3 Comp. Laws 1915, § 14828, and the amendments thereto, either to the board of education or to the general contractors, Rosewarne, McNab & Worswick; that it also claimed the benefit of the bond of the Southern Surety Company, and that the Southern Surety Company was not liable on the bond for the reason of insufficient statutory notice, which motion for a directed verdict was denied, and defendants then gave testimony tending to establish that Rosewarne, McNab & Worswick had in their hands money which might otherwise be due to Irvine & Meier, amounting to approximately $11,000, and that there were outstanding claims against it for $24,000. Defendant offered a certificate from the secretary of State that he could find no record after diligent examination in his office, of the National Regulator Company, a foreign corporation, having been admitted to do business in the State. This offer was objected to by plaintiff and the proof rejected, whereupon the court directed a verdict for the amount $3,900 with interest, amounting in all to $4,533, and judgment was entered thereon. Defendant's counsel moved for a new trial upon the ground that the verdict was against the law and the evidence; that the court erred in overruling the motion of defendant's counsel for a directed verdict, for the reason that it affirmatively appeared that plain-

tiff was a foreign corporation; that proper notice had not been given in accordance with Act No. 187, Pub. Acts 1905 as amended, and for other reasons. This motion for a new trial was denied, and plaintiff brings error, contending that the verdict was against the law and the evidence; that the court erred in overruling the motion of defendants to direct a verdict for defendants at the close of plaintiff's testimony; that the court erred in refusing to direct a verdict for the reason that it appeared that plaintiff was a foreign corporation, doing business in this State in violation of 3 Comp. Laws 1915, §§ 9063, 9072; that the court erred in not directing a verdict for defendants because timely notice was not served as provided by section 2 of Act No. 187, Pub. Acts 1905; because the court erred in sustaining the objection of plaintiff to the admission of the certificate of the secretary of State showing plaintiff had not been authorized to do business in the State; because the court erred in refusing to permit defendants to amend their plea as heretofore stated; because the court erred in directing a verdict for plaintiff, and in not directing a verdict for defendant, and in denying its motion for a new trial.

This case had been at issue two years and ten months prior to the time the motion was made to amend defendants' plea. The motion was not made until the case was on trial in the Wayne circuit, and then only at the conclusion of plaintiff's testimony. We do not think the court erred in refusing to permit defendant at that stage of the proceeding to amend his plea. Defendant had just as good an opportunity to know the basis for this plea, which is a matter of public record, at the time it filed its original plea, as at the time of the trial. It had no right to hold back giving notice of this defense and

then spring it upon the plaintiff at the trial when he must either accept a continuance or be defeated in case such plea was granted. There is nothing on the record to indicate whether this action was taken by defendants deliberately or whether their failure to know the situation as to plaintiff was due to negligence. The result to plaintiff would be the same in either instance.

At common law the surety was particularly subject to the protection of the court. In order to hold the surety all of the terms of the contract had to be strictly complied with. Sureties were usually persons who executed bonds gratuitously, but in this case there is no evidence that this bond was gratuitously signed by the surety. On the other hand, it is signed by a surety company and is a contract entered into for pay. The strict rule of the common law applicable to individual gratuitous sureties does not apply. *People* v. *Bowen,* 187 Mich. 257; *People* v. *Traves,* 188 Mich. 415.

It is claimed the owner, principal contractor, and surety, were entitled to notice before any money was paid. Notice was given to the board of education June 7, 1924, at which time it had in its hands $45,835.13 belonging to the principal contractor, who has since been paid in full. This was sufficient under 3 Comp. Laws 1915, § 14828. Under the circumstances the delay, if any, will not operate to discharge the surety from liability. *People* v. *Bowen, supra,* and cases cited. *People* v. *Traves, supra.* The other assignments of error have been examined, and we do not think they merit discussion. Judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.