GRANT v. NATIONAL MANUFACTURER & PLATING CO.

1. PLEADING—AMENDMENT—DISCRETION OF COURT—ABUSE OF DISCRETION.

Generally, permission to amend plea rests wholly within discretion of trial court, and, unless discretion is abused, Supreme Court will not interfere, whether amendment is granted or refused.

2. SAME—SPECIAL DEFENSE—NOTICE.

Where pleadings described plaintiffs in such way that it was uncertain whether they constituted copartnership or corporation, and failed to disclose their place of business, it was not error to permit defendant to amend its plea to give notice of defense that plaintiffs were doing business as copartnership without filing certificate as required by 2 Comp. Laws 1929, § 9934, although case had been at issue for nearly five years when facts were developed at trial.

3. SAME—GENERAL ISSUE.

It is within discretion of trial court to permit defendant to amend pleadings by adding notice under plea of general issue.

Appeal from Wayne; Brown (William. B.), J., presiding. Submitted April 15, 1932. (Docket No. 133, Calendar No. 36,461.) Decided June 6, 1932.

Assumpsit on the common counts by George D. Grant and others, doing business as Grant Brass Works, against National Manufacturer & Plating Company, a Michigan corporation, principal defendant, and Chrysler Corporation, a foreign corporation, garnishee defendant. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Rowland M. Connor,* for plaintiffs.

*Douglas, Barbour, Desenberg & Schaeffer (Harold B. Desenberg,* of counsel), for defendant.

Butzel, J. Plaintiffs and appellants, describing themselves, both in the original declaration, and also in the writ, and affidavit for the writ of garnishment, as George D. Grant, Walter William Grant, and Charles A. Grant, doing business as Grant Brass Works, a Michigan corporation, brought suit against defendant National Manufacturer & Plating Company. The pleadings do not disclose where plaintiffs carried on their business. Defendant filed a plea of general issue, and the garnishment was released by the filing of a bond in accordance with stipulation between plaintiffs and principal defendant. At the trial of the case, almost five years later, it was shown that defendant had been adjudicated a bankrupt in 1928, and insufficient was realized from its assets to pay any dividend to general creditors. It further developed that Grant Brass Works was not a corporation as stated in some of the pleadings previously filed, but that it was a copartnership composed of George D. Grant, Charles A. Grant, and Walter W. Grant. It was admitted that it had never filed a certificate of copartnership, as required by 2 Comp. Laws 1929, § 9934, which prohibits the bringing of any action or proceeding in any of the courts of this State until after full compliance with the provisions of the act. Defendant's attorneys thereupon moved to amend the plea by giving notice that plaintiffs had failed to comply with the act and therefore could not recover in the present suit. The trial judge granted a continuance in order to enable plaintiffs' counsel to meet the new defense, and, on the ad-

journed day, after granting the motion to amend, rendered a judgment in favor of defendant.

Plaintiffs, in contending that the amendment should not have been permitted, claim that defendant waived its right to amend and to make the objection that the trial court found fatal, because defendant had stipulated to release the garnishment on the filing of the bond, and also on account of defendant's long delay, claimed to be laches, in giving notice of the special defense. The trial judge in his opinion stated that the suit was brought in such form that it was uncertain whether plaintiff was a corporation or not; that if it was a copartnership it was not shown where it did business and it was not incumbent upon defendant to make inquiry in the many counties of this State to ascertain whether a certificate of copartnership had been filed or not. He further granted a continuance to plaintiffs so that they could meet the defense, if possible.

As a rule, the permission to amend rests wholly within the discretion of the trial court, and unless this discretion is abused, we will not interfere. This is true irrespective of whether the court refuses or permits the amendment. In the case of *People, for use of National Regulator Co., v. Rosewarne,* 247 Mich. 22, relied upon by plaintiffs, we refused to interfere with the order of the trial court denying the right to amend a plea by giving notice of failure of a corporation to qualify in this State. In that case, the amendment was not sought until the trial of the case, which was also several years after the case had been begun; defendant could have obtained the information by inquiry at the secretary of State's office, and, as the opinion stated, the record did not show whether the defendant deliberately waited, or whether the failure to ascer-

tain plaintiff's status was due to negligence. In the instant case, the uncertain manner in which plaintiffs described themselves, and the further fact that they did not show where they did business, fully justified the judge in permitting the amendment when the actual facts developed at the trial of the case. As was stated by Mr. Justice Cooley, in *Ripley* v. *Davis,* 15 Mich. 75 (90 Am. Dec. 262), where the court refused to give defendants permission to add to their plea a notice of the statute of limitations:

"The application * * * was one addressed to the discretion of the court below, and its denial cannot be reviewed by this court. * * * The practice has wisely vested such court with a power of final disposition with which we have no inclination to interfere."

It is within the discretion of the trial court to permit defendant to amend its pleadings by adding a notice under the plea of general issue. *Ruddock* v. *Detroit Life Ins. Co.,* 209 Mich. 638, 655.

The judgment is affirmed, with costs to defendant.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.