## KAMINSKI *v.* STANDARD INDUSTRIAL FINANCE COMPANY.

1. Chattel Mortgages—Bill to Restrain Foreclosure—Jurisdiction.

   While bill to restrain foreclosure or disposal of chattel mortgages was prematurely filed when filed on same day tender of claimed balance due was made, where defendant had threatened foreclosure of the mortgages, and the matter of the failure of plaintiff to wait statutory 7 days for acceptance of tender and discharge of mortgage before filing the bill was not raised by defendant until case was on appeal to Supreme Court although defendant filed an answer, an amended answer to the bill and a sworn answer to plaintiffs' motion for summary entry of a decree on the pleadings, defendant's claim that the court was without jurisdiction to entertain the suit, *held*, without merit, as the law does not require a useless formality (CL 1948, § 566.202).

2. Equity—Summary Decree on Pleadings—Material Questions of Fact.

   Where defendant's answer and amended answer to the bill of complaint to restrain foreclosure or disposal of chattel mortgages raised material questions of fact as to the charges for services, appraisal fees, investigation, legal expenses, record-

References for Points in Headnotes
[3] 41 Am Jur, Pleading, § 335 *et seq.*

ing fees, interest, et cetera, which the defendant alleged plaintiffs agreed to pay and which plaintiffs alleged constituted usurious interest, and which plaintiffs deducted from their tender, summary decree on pleadings was improper (CL 1948, § 566.202).

3. JUDGMENT—PLEADINGS—UNCONDITIONAL ADMISSION OF LIABILITY.
   A court may enter judgment on pleadings where they disclose unconditional admission of liability for amount for which judgment is entered.

Appeal from Wayne; Brennan (John V.), J. Submitted June 10, 1949. (Docket No. 32, Calendar No. 44,374.) Decided September 8, 1949.

Bill by Peter Kaminski and another, copartners, doing business as Victory Die & Gauge Company, against Standard Industrial Finance Company, a Michigan corporation, to restrain foreclosure of 2 chattel mortgages and for cancellation of same. Decree for plaintiffs. Defendants appeal. Reversed and remanded for hearing.

*William F. Schwemler* and *Crawford S. Reilley,* for plaintiffs.

*Frazer & Popkin (William Murray,* of counsel), for defendant.

BOYLES, J.   In this case plaintiffs filed a bill of complaint in the circuit court for Wayne county in chancery asking that the defendant be restrained from foreclosing or disposing of 2 chattel mortgages which the defendant held on personal property of the plaintiffs; that the defendant be compelled to cancel and discharge said mortgages; and that plaintiffs be awarded statutory $25 damages and double costs for defendant's neglect or refusal to discharge said mortgages after tender of the amount due. After issue was joined the circuit judge, on plain-

tiffs' motion and after argument, without taking testimony, granted to plaintiffs the relief sought by their bill of complaint, and entered a summary decree based on the pleadings.

The defendant appeals from such decree and claims (1) that the court lacked jurisdiction because plaintiffs had not complied with the mandatory provisions of the statute providing for a chancery proceeding to compel discharge of a chattel mortgage, and (2) that material issues of fact were raised by the pleadings on which the defendant was entitled to a hearing on the merits.

Chronologically, the circumstances giving rise to this appeal are as follows:

On December 30, 1946, plaintiffs executed and delivered to the defendant, as mortgagee, a chattel mortgage on certain personal property of the plaintiffs in the sum of $15,125. Said mortgage was duly filed in the office of the register of deeds for Wayne county on the same date.

On March 2, 1948, plaintiffs executed and delivered to the defendant, as mortgagee, a second chattel mortgage on certain personal property of the plaintiffs in the sum of $3,960. Said mortgage was duly filed in the office of said register of deeds on March 3, 1948.

On September 24, 1948, plaintiffs tendered to the defendant $1,559.62 principal and $699.73 interest claimed by plaintiffs to be the balance due defendant on said mortgages after crediting payments made thereon and after deducting certain items included in the mortgages which plaintiffs claim were usurious. The plaintiffs demanded that the debt be cancelled and the mortgages discharged.

On the same day plaintiffs filed the instant bill of complaint in chancery to compel the defendant to discharge said mortgages, and asking that plaintiffs be awarded $25 damages and double costs as pro-

vided for in CL 1948, § 566.202 (Stat Ann § 26.952).

In said bill of complaint the plaintiffs alleged that the defendant, in obtaining said mortgages, had added to the principal thereof certain amounts as service charges and auditing fees and other items, resulting in said mortgages being usurious.

On October 8, 1948, the defendant filed answer to said bill of complaint, denying material allegations of fact alleged therein, and particularly denying the allegations as to service charges and auditing fees, et cetera, including the claim that the defendant had charged interest in excess of 7 per cent. per annum.

On October 18th plaintiffs filed a motion for summary entry of a decree on the pleadings, setting up that the defendant by answer had admitted all allegations of fact in the bill of complaint. On October 20th the defendant filed an amended answer to the bill of complaint, stating further denials as to material allegations of fact in the bill of complaint, particularly denying the sufficiency of the amount of the tender alleged to have been made. The answer also set up affirmatively, in added paragraphs A to J inclusive, new matters regarding the applications and the loans secured by said chattel mortgages. Also, on October 22d, the defendant filed a sworn answer to plaintiffs' motion for the summary entry of a decree on the pleadings, denying material allegations in said motion, and setting up allegations of fact in reply to said motion.

On October 29th, plaintiffs, without filing a reply to the new matter set up in the amended answer, filed an amended motion for entry of decree on the pleadings, claiming, as before, that all material facts alleged in the bill of complaint had been admitted. On November 30, 1948, without taking testimony, the court, after hearing arguments of counsel, without filing an opinion, entered an order granting plaintiffs' motion for a summary decree, and on Decem-

ber 14th entered a decree accordingly. In it, after reciting the facts alleged in the bill of complaint, it was decreed that the chattel mortgages be cancelled and discharged; that the promissory notes given in connection therewith be delivered to plaintiffs forthwith; and that the defendant be permanently enjoined from attempting to foreclose, sell or dispose of said notes and mortgages. The decree also awarded plaintiffs $25 penalty, and double costs, under CL 1948, § 566.202 (Stat Ann § 26.952), for defendant's refusal to accept the tender and discharge the mortgages.

On December 29, 1948, the defendant filed claim of appeal. On February 2, 1949, about a month after the entry of the decree and after the filing of the appeal therefrom, plaintiffs filed in the lower court what purports to be a reply to the further averments of new matter set up in the defendant's amended answer filed October 20th.

1. *Did the court have jurisdiction of the case?* On this appeal the defendant claims that the court did not have jurisdiction, because the plaintiffs, by filing the bill of complaint on the same day that plaintiffs made the tender of payment to the defendant, failed to comply with the mandatory provisions of CL 1948, § 566.202, *supra.* This statute allows a mortgagee 7 days after tender of the amount due during which to accept the tender and give the mortgagor a discharge. In that respect the bill of complaint was prematurely filed. The statute provides that the mortgagor may recover $25 damages and double costs where the mortgagee "shall for the space of 7 days after being requested so to do in writing by the parties interested, refuse or neglect to discharge the same."

Plaintiffs claim, and the defendant does not deny, that when the tender was made and the bill of complaint was filed on September 24th, the defendant

had refused to accept such an amount in full payment, and had threatened to foreclose the mortgages. The law does not require a useless formality. *Hanesworth* v. *Hendrickson,* 320 Mich 577. Furthermore, the defendant filed an answer to the bill of complaint and, also, an answer to plaintiffs' motion for summary decree, without raising this question, and it is now urged for the first time, in this Court. Under these circumstances, the defendant has suffered no harm and defendant's present claim that the court was without jurisdiction has no merit.

2. Defendant's answer and amended answer to the bill of complaint raised material questions of fact as to the charges for services, appraisal fees, investigation, legal expenses, recording fees, interest, et cetera, which the defendant alleged plaintiffs agreed to pay, and which plaintiffs alleged constituted usurious interest wherefore plaintiffs deducted the same from their tender.

A summary judgment or decree will not be upheld where there are material issues of fact raised on the pleadings.

"The rule governing entry of judgment on pleadings has been stated in substance as follows:

" 'Court may enter judgment on pleadings where they disclose unconditional admission of liability for amount for which judgment is entered.' *Detroit Trust Co.* v. *Smith* (syllabus), 256 Mich 376." *Auto Purchase Corporation* v. *Johnston,* 319 Mich 634.

The decree is vacated and the case remanded for hearing, with costs to appellant.

Sharpe, C. J., and Bushnell, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.