BEARDSLEY *v.* R. J. MANNING COMPANY.

1. Judgment—Summary Judgment—Material Issues of Fact.
   Existence of a material issue of fact raised by the pleadings bars entry of a summary judgment (GCR 1963, 117).

2. Same—Summary Judgment—Negligence.
   Summary judgment is inappropriate in a negligence case where the qualitative issue of whether defendants exercised reasonable care is in dispute, a question for the jury (GCR 1963, 117).

3. Same—Summary Judgment—Negligence—Directed Verdict.
   Summary judgment may properly be granted in a negligence case where on the undisputed physical facts the trial judge would say that a directed verdict would be required (GCR 1963, 117).

4. Same—Summary Judgment—Inferences—Counter Affidavits.
   Inferences to be drawn from the underlying facts pleaded or contained in the counter affidavit to motion for summary judgment must be viewed in the light most favorable to the party opposing the motion (GCR 1963, 117).

5. Same—Summary Judgment—Questions of Fact.
   Summary judgment procedure cannot impinge upon a party's right to trial of disputed factual issues by a jury or usual court procedure (GCR 1963, 117).

6. Negligence—Question for Jury—Store Entrance-Exitway.
   Whether design of entrance-exitway of defendants' store is proper *held*, a question for consideration by jury, where it appears one walkway was 106″ long with a continuous rise of 9″ from sidewalk to door and other had a terrazzo floor for some 59″ with a slope of 6″ down to a 6″ step at window line and then slope continued to sidewalk for another 44″, hence, summary judgment for defendants in action by customer who fell at the step was error (GCR 1963, 117).

References for Points in Headnotes
[1–5] 41 Am Jur, Pleading §§ 340–343.
[6] 38 Am Jur, Negligence § 344.

Appeal from Saginaw; O'Neill (James E.), J. Submitted Division 3 November 2, 1965, at Lansing. (Docket No. 130.)    Decided January 11, 1966.

Complaint by Lillie E. Beardsley against R. J. Manning Company and Chesaning Hardware & Implement Company, Michigan corporations, for injuries allegedly sustained on stairs in defendants' store on March 16, 1963.   Summary judgment for defendants.   Plaintiff appeals.   Reversed and remanded.

*Albert A. Smith* and *Robert L. Richardson,* for plaintiff.

*Smith, Brooker, Harvey & Cook* (*A. T. Lippert, Jr.,* of counsel), for defendants.

McGREGOR, P. J.   This is an appeal by plaintiff from summary judgment granted to defendants, dismissing plaintiff's action for personal injury damages.

Defendants own and operate the Manning Variety Store in which are maintained two passageways, or entrance doorways, which are the means of ingress and egress for customers.   The northernmost passageway consists of a continuous ramp walkway which slopes down from the door to the sidewalk for a distance of approximately 106 inches, with a height variation of approximately 9 inches between the sidewalk merger point and the said door.   The southernmost walkway consists of an inner terrazzo or slope, running down from the door between the showcase windows for an approximate distance of 59 inches with a height variation, or sloping slant, of 5-1/2 to 6 inches.   The terrazzo ends at the front window line of the premises with a perpendicular step of approximately 6 inches.   The walkway then continues to slope or slant for a further distance of

approximately 44 inches to a point where it merges with the public sidewalk.

Plaintiff's complaint alleged that she entered the defendants' store on the ramp entry and was leaving through the other doorway when she slipped and fell off the six-inch step. She also alleged that defendants thus created an inherently dangerous condition constituting negligence by constructing and maintaining a six-inch step at one door, contrasting with a ramp at the other door, and by failing to give warning of the step or to equip the step with a handrail or other safety device, because the step was extremely difficult to perceive due to the continuation of the slope or ramp beyond the window line for some distance before merging with the common sidewalk. Plaintiff further alleged that the six-inch step at one doorway, in contrast to the ramp walkway at the other doorway, constituted a nuisance created and maintained by defendants, which resulted in plaintiff's injuries. Defendants' answer admitted the physical facts with respect to the entrance and exitways as stated in plaintiff's complaint but denied that they were negligent or that they maintained a nuisance by the maintenance of the premises in said condition. They further alleged that the plaintiff was contributorily negligent in that she failed to have a proper regard for her own safety. Defendants filed a motion for a summary judgment which was granted.

If appellant's complaint raises material issues of fact to be litigated, they should be resolved only by a jury. It is necessary that there be material issues of fact presented in order to bar entry of a summary judgment.

In the discussion under GCR 1963, 117, 1 Honigman and Hawkins, Michigan Court Rules Annotated, p 360, is found the following:

"In negligence cases, even though there may be no dispute as to the quantitative or physical facts, summary judgment will almost always be inappropriate because the qualitative issue of whether defendant exercised reasonable care will be in dispute and must be left for the jury, unless on the undisputed physical facts the judge would say that a directed verdict would be required—which is to say that there really is no negligence issue for the jury. In such cases summary judgment has been allowed in negligence cases and should be."

It is, of course, axiomatic that a summary judgment or decree will not be upheld where there are material issues of fact raised on the pleadings. *Kaminski* v. *Standard Industrial Finance Co.* (1949), 325 Mich 364. Any inferences to be drawn from the underlying facts pleaded or contained in the counter affidavit must be viewed in the light most favorable to the party opposing the motion.

"There is considerable language in the cases emphasizing that the court should be slow to grant summary judgment and that the rules governing the procedure are to be construed strictly. Such language must be understood in the context in which it was uttered—that is, in deciding whether a particular case situation was right for summary judgment. Unfortunately, summary judgment has been requested too often where there was a genuine issue of fact, but an impatient party or busy trial judge wanted to try it by affidavits. Any such inclination must be repudiated, for summary judgment procedure cannot impinge upon a party's right to trial of disputed factual issues by a jury or usual court procedure." 1 Honigman and Hawkins, Michigan Court Rules Annotated, p 358, quoted with approval in *Durant* v. *Stahlin* (*Appeal in re King, Bashara, Merrell, and Waldron*) (1964), 374 Mich 82, 89.

Defendants rely primarily on the cases which held that, as a matter of law, a person could not recover

for injuries sustained in a fall off the step connecting the two portions of a split level floor. See *Boyle v. Preketes* (1933), 262 Mich 629; *Garrett v. W. S. Butterfield Theaters, Inc.* (1932), 261 Mich 262. In granting the motion for summary judgment the trial judge apparently concluded that there can be no differing in the minds of reasonable men, that there is no negligence to be found on the part of the defendants, and further, there is nothing to establish the creation and maintenance of a nuisance, and in effect, that in the location where this accident occurred, the design and construction of the entrance-exitway is proper.

Applying the "favorable to plaintiff" rule to the facts pleaded in plaintiff's complaint and making the inferences to be drawn from the underlying facts, this Court finds that the minds of reasonable men might differ. The test used is whether from the facts, in the light most favorable to the plaintiff, reasonable men could honestly reach a different conclusion. If the answer is "yes", the question is for the jury. *Killen v. Benton* (1965), 1 Mich App 294; *Sparks v. Luplow* (1963), 372 Mich 198; *Anderson v. Gene Deming Motor Sales, Inc.* (1963), 371 Mich 223; *Tacie v. White Motor Co.* (1962), 368 Mich 521.

A jury question was presented. Accordingly, the order of dismissal entered by the trial court is reversed and this case is remanded to the lower court for further proceedings. Costs are awarded to appellant.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.