FISHER v. JOHNSON MILK COMPANY, INC.

1. Negligence—Summary Judgment.

The test to be used in determining when summary judgment should be granted to the defendant in a negligence action on ground of failure to state a claim upon which relief may be granted is whether, from the facts considered in the light most favorable to the plaintiff, reasonable men could differ on the issue of negligence (GCR 1963, 117).

2. Same—Duty to Warn or Safeguard Against Danger—Question of Fact.

The obligation to warn or safeguard against danger is inextricably bound up with the standard of care in a products liability case and is almost always a question for the trier

References for Points in Headnotes

[1] 41 Am Jur, Pleading § 340 et seq.
[2] 38 Am Jur, Negligence § 344 et seq.

of fact; it was improper to decide as a matter of law that there was no duty to warn or safeguard against danger in use of a wire milk-bottle carrier where complaint raised material questions of defendant's obligation to anticipate danger in use of the carrier and either warn or safeguard against it.

Appeal from Macomb, Carroll (Howard R.), J. Submitted Division 2 January 10, 1968, at Detroit. (Docket No. 3,266.)   Decided August 27, 1968. Leave to appeal granted by Supreme Court November 25, 1968.

Complaint by William L. Fisher against Johnson Milk Company, Inc., a Michigan corporation, for negligence and breach of implied warranty. Defendant's motion for summary judgment granted. Plaintiff appeals. Reversed.

*William L. Fisher, in propria persona.*

*Michaels, Ferris & Olzark,* for defendant.

T. G. KAVANAGH, P. J. This is an appeal from summary judgment granted to defendant, dismissing plaintiff's action for breach of implied warranty and for negligence.

Plaintiff alleged that while carrying 4 half-gallon bottles of milk in a wire carrier (which had been sold to him by defendant at some earlier date) he slipped on ice, dropping the carrier which landed *upright,* and fell upon a jagged edge of a broken bottle, thereby cutting his left hand. Plaintiff claimed that defendant, in selling such a carrier without the safeguard of a "false bottom" to cushion the impact and prevent breakage of bottles if dropped, or in failing to warn of the dangers in carrying the bottles in the carrier on icy days, was guilty of neg-

ligence. Such negligence, plaintiff claimed, was the proximate cause of injury to his hand.

Plaintiff also claimed that failure to equip the carrier with safeguards made it unfit for the purposes intended and, consequently, not merchantable. Therefore it is alleged that defendant is guilty of a breach of implied warranty.

The trial court granted summary judgment on defendant's motion that plaintiff had failed to state a cause of action on which relief could be granted. On plaintiff's motion for rehearing the court said:

"The rather precise question here is whether the facts pleaded, *viz.*: carrying glass bottles in a wire container on a known slippery, icy sidewalk which bottles broke when the plaintiff carrier slipped and fell on the ice, creates a set of facts wherein there is any jury question of improper design which was a proximate cause of the injury. Plaintiff's brief does not touch upon this subject."

Appellant has, however, in his amended complaint of negligence and breach of implied warranty, raised material questions of defendant's obligation to anticipate and either to warn or to safeguard against mishaps which ensue while using this product.

Where negligence is asserted, in determining when a summary judgment should be granted for the defendant "the test used is whether from the facts in the light most favorable to the plaintiff, reasonable men could differ." *Beardsley* v. *R. J. Manning Company* (1966), 2 Mich App 172, 176. If it appears that reasonable minds could differ on conclusions from the facts presented, summary judgment is an inappropriate disposition of the case.

The trial court by granting summary judgment here, has decided as a matter of law that defendant had no obligation to warn or safeguard against

dangers resulting from a mishap while using its product.

We believe this is incorrect. The obligation to warn or safeguard against danger is inextricably bound up with standard of care and is almost always a question for the trier of fact. We find it to be so here.

Reversed with costs to appellant.

BEER and LEVIN, JJ., concurred.