RAVEN v. BOARD OF COMMISSIONERS OF WAYNE COUNTY

1. OFFICERS—PUBLIC OFFICE—REQUIREMENTS.

The elements necessary to make a position of public employment a public office of a civil nature are: (1) the position must be created by the constitution, legislature, municipality, or a body which has been legislatively authorized to create it; (2) the position must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; (3) the power conferred and the duties to be discharged must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be of an inferior or subordinate office, created or authorized by the legislature, and so placed under the control of a superior officer or body; (5) the position must have some permanency, or not be only temporary or occasional.

2. OFFICERS—PUBLIC OFFICE—BOND—OATH.

A public position in order to be a public office need not require a bond of trust or an official oath, because the bond is necessary

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 42 Am Jur, Public Officers §§ 12, 13.
    Distinction between office and employment.    53 ALR 595, s. 93 ALR 333 and 140 ALR 1076.
[4] 4 Am Jur 2d, Appeal and Error § 476 et seq.
[5] 15 Am Jur 2d, Civil Service §§ 28, 45.
    42 Am Jur, Pleading §§ 340–343.
    42 Am Jur, Public Officers § 44.

usually only where money is handled and because the oath is of much less importance than in the past.

3. OFFICERS—DEPUTY MEDICAL EXAMINER—APPOINTED OFFICIAL.
A county deputy medical examiner is an appointed official of the county (MCLA § 52.201).

4. APPEAL AND ERROR—CERTIFIED RECORD—SUPPLEMENTAL RECORD.
No supplemental record will be considered on appeal unless it is certified by the trial court or ordered by the appellate court where there is a record settled and certified on appeal (GCR 1963, 705.19[e], 812.2[b]).

5. OFFICERS—DEPUTY MEDICAL EXAMINER—COMPULSORY RETIREMENT—CIVIL SERVICE SYSTEM—STATUTES—SUMMARY JUDGMENT.
Summary judgment that plaintiff deputy medical examiner was subject to compulsory retirement at a certain age was improper where the defendant county had a civil service system, a state statute governs the removal of deputy medical examiners in counties having civil service systems, and the trial court did not consider the applicability of the statute, even though urged by defendant (MCLA § 52.201).

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 December 11, 1970, at Detroit. (Docket No. 9492.) Decided March 26, 1971. Leave to appeal denied, 385 Mich 765.

Complaint by Clara Raven, M.D., against the Wayne County Board of Commissioners and the Wayne County Board of Trustees for Wayne County Employees' Retirement System for declaratory judgment concerning compulsory retirement. Summary judgment for defendants. Plaintiff appeals. Reversed.

*Harold Helper,* for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy, David R. Kaplan* and *Rheo C. Marchand,* Assistant Prosecuting Attorneys, for defendants.

Before: Danhof, P. J., and Holbrook and Vander Wal,* JJ.

Vander Wal, J. Clara Raven is presently Deputy Medical Director for Wayne County under the authority of PA 1953, No 181 (MCLA § 52.201 *et seq.* [Stat Ann 1961 Rev § 5.953(1) *et seq.*]). That act abolished the post of county coroner and substituted therefor the new posts of county medical examiner and deputy medical examiner. That act provided:

"County medical examiners shall be physicians licensed to practice within the state and shall be residents of the county for which they are appointed * * * . The board of supervisors may appoint such deputy county medical examiners, who shall have the same qualifications as the county medical examiner."

The act has twice been amended, the current version being MCLA 1971 Cum Supp § 52.201 *et seq.* (Stat Ann 1971 Cum Supp § 5.593[1] *et seq.*). The statutory qualifications and duties of the respective offices have remained essentially the same.

The present controversy arose when the Wayne County Board of Trustees, administrators of the Wayne County Employees' Retirement System, requested Dr. Raven's retirement in accordance with the county's retirement ordinance. The enabling legislation, MCLA 1971 Cum Supp § 46.12a (Stat Ann 1971 Cum Supp § 5.333[1]), provides in part:

"In any county pension or retirement plan adopted under the provisions of this section, the board of supervisors may require that all county employees, except elected or appointed officials, be retired from county service upon attaining an age desig-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

nated in said plan which shall not be less than 65 years of age."

Pursuant thereto, the Wayne County Board of Supervisors adopted the retirement ordinance in question which provides in part:

"(b) Any member, except an elected or appointed official of the county, shall be separated from county service on the first day of the calendar month next following the month in which he attains the age of 65 years."

The Board of Trustees maintains that Dr. Raven is subject to mandatory retirement at age 65 while she contends that as an "elected or appointed official" she is exempt from compulsory retirement. There has been little recent litigation on this point, but the case of *Kent County Register of Deeds* v. *Kent County Pension Board* (1955), 342 Mich 548, is dispositive of the matter.

In *Kent,* the board, which administered an almost identical ordinance passed pursuant to the same statute, maintained that the Deputy Register of Deeds for Kent County was not an "elected or appointed official" and, therefore, not exempt from mandatory retirement. The Supreme Court there stated at pp 551, 552:

"After an exhaustive examination of the authorities, we hold that 5 elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) it must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legisla-

tive authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, or not be only temporary or occasional. * * *

"In *People, ex rel. Throop* v. *Landon* [1879], 40 Mich 673, 682, Mr. Justice COOLEY said:

" 'The officer is distinguished from the employee in the greater importance, dignity and independence of his position; in being required to take an official oath, and perhaps to give an official bond.' "

The Court then held that, even though the tenure of any particular incumbent was at the pleasure of the register, the office itself could not be abolished except by legislative action, and therefore requirement (5) was met. That requirement is also met in the instant case as the office of deputy medical examiner can be abolished only by the legislature while the tenure of the incumbent, unlike that of the deputy register, is not subject to political change.

The trial court was correct in holding that *Kent* controlled the decision in the instant case. The court erred, however, in ruling that "condition (2) and the latter indicia as indicated in *Landon*" were not met. Firstly, the 1879 opinion of Justice COOLEY was not determinative of the outcome of *Kent* nor should it be here. Secondly, the deputy register of deeds is required to execute a bond of trust because that official handles money (Dr. Raven does not), and the oath is of much less importance today than it was in 1879.

More importantly, an examination of the relevant statutes shows that the deputy medical examiner is possessed of a larger share of the sovereign power of government than is the deputy register of deeds.

Wayne County has a civil service system, and because MCLA 1971 Cum Supp §§ 52.201(d) and (f) (Stat Ann 1971 Cum Supp §§ 5.953[1d] and [1f]), provides the method of appointment and removal of the deputy medical examiner in counties having a civil service system, appellees contend that this case is to be determined under the civil service law.

This argument was presented below in appellees' trial brief, but was not considered by the trial court in its opinion granting summary judgment. There is, moreover, a settled record certified by the trial court in this case. Neither the trial brief nor the exhibits annexed to it [detailing Dr. Raven's employment record, which were not introduced into evidence] are a part of that record. Where the record is settled and certified on appeal, "[n]o supplemental record will be considered on the appeal unless the same is certified by the trial judge or ordered by the [appellate] court". GCR 1963, 705.19(e); GCR 1963, 812.2(b).

There is no issue relative to civil service law properly before us.

Dr. Raven may be bound by the retirement provisions of this or other applicable ordinances. This we don't know nor are we in a position to determine. Summary judgment is improper where there are issues of fact to be determined GCR 1963, 117.2; *Kaminski* v. *Standard Industrial Finance Company* (1949), 325 Mich 364.

Reversed and remanded for proceedings not inconsistent with this opinion. No costs, a public question being involved.

All concurred.