## MILLER v. GREEN

1. LIMITATION OF ACTIONS—CONVERSION—ACCRUAL OF CLAIM.
   The statute of limitations on a claim for conversion does not start to run until the date when dominion is wrongfully asserted over the plaintiff's personal property.

2. LIMITATION OF ACTIONS—MATERIAL ISSUE OF FACT—DATE OF CONVERSION UNSPECIFIED.
   Summary judgment on the ground that the action in conversion was barred by the statute of limitations should not have been granted where the plaintiff's complaint does not specify the date on which wrongful possession of his property was asserted by another, since the date is an outstanding material question of fact that must be resolved before summary judgment is proper.

3. JUDGMENT—SUMMARY JUDGMENT—IMPLIED RIGHT TO RELIEF.
   Summary judgment should not be granted for defendants on the basis of the plaintiff's complaint even where it appears that the complaint does not set forth the nature of the relief sought or specify when the alleged wrongful act was committed where the complaint does reveal that the plaintiff may be entitled to some relief.

4. PLEADING—AMENDMENT—DISCRETION.
   A trial court may exercise its discretion to deny leave to amend pleadings only when it finds that justice would not be served by the amendment (GCR 1963, 118.1).

5. PLEADING—AMENDMENT—DISCRETION.
   Denial of the plaintiff's motion for leave to further amend his complaint constituted an abuse of discretion where the com-

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Conversion § 76.
[2, 3] 41 Am Jur, Pleading §§ 340–343.
[4, 5] 41 Am Jur, Pleading §§ 292–294.

plaint and its first amendment were filed by the plaintiff *in propria persona* and the motion for leave to further amend that complaint was made by the plaintiff through a recently retained attorney and where there were outstanding issues of material fact that needed clarification (GCR 1963, 118.1).

Appeal from Branch, Mark S. Andrews, J. Submitted Division 3 October 6, 1971, at Marquette. (Docket No. 10689.) Decided November 23, 1971.

Complaint by Clare W. Miller against Marvin and Priscilla Green and Levina Fern Miller for conversion. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Rhoades, McKee & Boer* (by *Thomas Van Hattum*), for plaintiff.

*Arthur G. Lyon,* for defendants.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiff, a nonresident of the State of Michigan, commenced this action *in propria persona* against defendants, residents of the state. It appears that plaintiff is the son of defendant Levina Fern Miller and the late Luell W. Miller, and that defendants Green are relatives of the plaintiff. Plaintiff filed with the trial court a handwritten complaint averring as follows:

"By oath and by law; women are not equal to men and cannot take away a man's inheritance.

"By oath and by law; no one can commit a crime in order to pass a law, and cannot pass a law in order for someone else to commit a crime.

"By oath and by law; no one is eligible or qualified to hold any office if they cannot read and understand what they read.

"By oath and by law; no one is a citizen who does not believe and follow the higher authorities."

Plaintiff sought damages in the sum of $1,000,000.

On April 20, 1970, a motion for summary judgment was filed by defendants Green and Miller on the ground that the complaint failed to state a cause of action against the defendants. On May 20–21, 1970, orders were filed pursuant to the motion of defendants directing plaintiff to file an amended complaint within 30 days, in the absence of which dismissals would be entered as to all defendants. On June 1, 1970, plaintiff filed *in propria persona* a partial amendment to his complaint. This document, also handwritten, averred the following:

"In paragraph one of will and testament no just debts were paid to Clare W. Miller, approximately $1,400.00, $1,000.00 since 1926 plus interest.

"Property of Clare W. Miller is now claimed by Levina Fern Miller and being used by Priscilla and Marvin Green, namely 40 cows and calves and 2 brood sows and pigs, at the time I went to war in 1941, some of my stock has been sold.

"A letter from Harold J. Ashdown dated Nov. 30, 1967 states that the *will* had been discussed with the Probate Judge.

"Therefore Clare W. Miller is being paid with his own money.

"The $500.00 mentioned in the will. This will and testament being a conspiracy to steal, hold and sell the property of Clare W. Miller the plaintiff, (a life time savings).

"Plaintiff contributed to the buying of real and personal property in money and labor."

An answer to the amended complaint was filed on June 12, 1970, by original defendant Alvan Uhle.

His motion, filed on the same date, for dismissal of the amended complaint on the ground that no facts were set forth to substantiate the allegations therein was granted by order filed July 9, 1970. The cause was thereby dismissed as to defendant Uhle. On June 15, 1970, defendants Green and Miller filed a motion for summary judgment on plaintiff's amended complaint on the ground that the same failed to set forth a cause of action. On July 13, 1970, said defendants filed a "Motion for Dismissal or Motion for Summary Judgment Under the Statute of Limitations" averring that, in the event plaintiff's complaint, as amended, stated a cause of action, the same was barred by the statute of limitations. Said motion was denied by order filed July 14, 1970. On August 21, 1970, an appearance by counsel for plaintiff was entered, and a proposed second amended complaint filed, although counsel did not request the court's permission to amend. The amended complaint filed by plaintiff, through counsel, averred in part in Count I thereof:

"2. That Plaintiff, while a resident of Branch County, Michigan, and more particularly while living with his father, Luell W. Miller, during the year 1931, purchased two cows and placed them on the farm of his father, Luell W. Miller.

"3. That Plaintiff kept these two cows on the farm of his father in Branch County, Michigan, and when Plaintiff left Branch County, Michigan, in approximately 1941, he owned forty (40) cows and calves and two brood sows which were on the farm of his father.

"4. That these cows have at all times mentioned herein been the property of plaintiff, the arrangement between Plaintiff and his father, Luell W. Miller, being that the elder Miller would care for Plain-

tiff's cows in return for the two sows, the bull calves, and the milk from the cows.

\*   \*   \*

"7. That Luell W. Miller died on September 25, 1967, and his wife, Defendant Levina Fern Miller, converted Plaintiff's cows by taking possession of them and delivering possession to Defendants Marvin Green and Priscilla Green, or alternatively, in permitting Defendants Marvin and Priscilla Green to take possession of Plaintiff's cows.

"8. That the cows belonging to Plaintiff are now in the possession of Defendants Marvin Green and Priscilla Green in Branch County, Michigan.

"Wherefore, plaintiff prays that the court decree and adjudge declaring that Plaintiff is the owner of the cows being held by Defendants Marvin and Priscilla Green, which they received from Luell W. Miller and Levina Fern Miller."

Count II of the proposed amended complaint realleged the averments of Count I and sought by way of equitable relief the following:

"1. That Defendants account to Plaintiff for the present number of cows being held by them and for the proceeds from any cows which have been sold by them.

"2. Judgment for the amount found due on such accounting.

"3. For such other and further relief as may appear just and equitable under the circumstances."

The proposed amended complaint was the subject of a motion to strike filed by defendants on August 24, 1970. The motion was grounded upon plaintiff's failure to request the court's permission to file and upon the fact that plaintiff's first amended complaint and defendants' motion for summary judgment thereon filed June 15, 1970, had not yet been determined. A hearing on the summary judgment

motion was held on August 25, 1970. The court granted the defendants' motion to strike plaintiff's proposed second amended complaint and also granted defendants' motion for summary judgment. Orders to that effect were filed on September 17, 1970. The order granting summary judgment for defendants upon plaintiff's first amended complaint stated in part:

"It appears to this court that Paragraph 3 of plaintiff's complaint in effect charged defendants with conversion of certain livestock claimed by plaintiff in 1941. It further appears that based upon said complaint, plaintiff's action, if any, accrued more than six years past and the plaintiff's claim is barred by the statute of limitations."

On September 30, 1970, plaintiff, by his attorney, filed a motion for rehearing on defendants' motion for summary judgment. On the same date, plaintiff also filed a motion for leave to file his second amended complaint and/or make additional pleadings to the first amended complaint pursuant to GCR 1963, 118.1 which states in part:

"A party may amend his pleading once as a matter of course  *  *  *  .  Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires."

At the hearing on plaintiff's motions, the court stated:

"The thrust of the argument is that the court was in error in holding that the statute of limitations applied. I see no explanation for the delay in filing the motion for leave to file a second amended complaint, when the first motion was granted. The plaintiff was given 30 days to file an amended com-

plaint. It does not appear or is there any explanation why he did not obtain counsel then.

"The defendants are entitled to some rights also, and on the entire posture of this case I see no reason to reconsider and redetermine the questions that were passed upon at the time this matter was before the court previously. The motions are denied."

Orders pursuant to the foregoing were entered on October 27, 1970. Plaintiff now brings this appeal.

Plaintiff first contends that the trial court erred in granting a summary judgment for defendants against plaintiff's partial amended complaint. Plaintiff submits that the trial court's apparent reliance upon the six-year statute of limitations for personal actions in granting defendants' motion for summary judgment was error. That statute, being MCLA § 600.5813 (Stat Ann 1962 Rev § 27A.5813), provides:

"All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

Plaintiff contends that the important date for purposes of determining the propriety of the court's grant of defendants' motion for summary judgment is the date upon which the claim accrued and that the claim accrued at the time the wrong was committed.

We agree. A conversion is committed when dominion is wrongfully asserted over another's personal property. *Thoma* v. *Tracy Motor Sales, Inc.* (1960), 360 Mich 434, 438. Therefore, the statute on a claim for conversion would not start to run until the date when dominion is asserted.

Plaintiff's amended complaint provided in part:

"Property of Clare W. Miller is *now* claimed by Levina Fern Miller and being used by Priscilla and Marvin Green, namely 40 cows and calves and 2 brood sows and pigs, at the time I went to war in 1941, some of my stock has been sold." (Emphasis supplied.)

From the foregoing, and viewing the same in a light most favorable to the plaintiff, as courts must do on a motion for summary judgment,[1] it would appear reasonable to infer that the wrong is claimed to have been committed on a date more recent than one which would have allowed the invoking of the statute of limitations.

The trial court apparently used the date 1941 as affording a basis for determining that any claim plaintiff may have had is now barred by the statute of limitations. However, our reading of plaintiff's amended complaint reveals that no date for the conversion is alleged and that the date of the alleged wrong is a material issue of fact raised by the pleading. Therefore, since there is a material issue of fact raised in the pleading, summary judgment should not have been granted.

"It is, of course, axiomatic that a summary judgment or decree will not be upheld where there are material issues of fact raised on the pleadings. *Kaminski* v. *Standard Industrial Finance Co.* (1949), 325 Mich 364. Any inferences to be drawn from the underlying facts pleaded or contained in the counter affidavit must be viewed in the light most favorable to the party opposing the motion." *Beardsley* v. *R. J. Manning Company* (1966), 2 Mich App 172, 175.

From our examination of the pleadings, it does appear that they do not set forth the nature of the

---

[1] See *Beardsley* v *R. J. Manning Company* (1966), 2 Mich App 172, 176.

relief sought or specify when the alleged wrongful act was committed. However, it is our opinion that the complaint, as amended, does reveal that plaintiff may be entitled to some relief. Therefore, the entry of the summary judgment was improper.

We now turn to the question of whether the trial court abused its discretion in denying plaintiff's motion to file a second amended complaint or to file additional pleadings to his partial amended complaint.

The determination of a motion for leave to amend pleadings is within the discretion of the trial court. GCR 1963, 118.1. However, such discretion is not unlimited. In *Doan* v. *Chesapeake & Ohio Railway Co.* (1969), 18 Mich App 271, 280–281, this Court stated:

"This Court holds that subrule 118.1 imposes a limitation on the discretion of the trial court in denying leave to amend necessitating a finding that justice would not be served by the amendment, *Burg* v. *B & B Enterprises, Inc.* (1966), 2 Mich App 496; see also *LaBar* v. *Cooper* (1965), 376 Mich 401; *Dahlstrom* v. *City of Whitehall* (1968), 14 Mich App 349."

Our review of the record, including the affidavit in support of plaintiff's motion to amend, leads us to the conclusion that justice would be served by the amendment. Now that he has retained an attorney who can clearly delineate the issues, we see no reason why the amendment could not have been allowed and the case tried on the merits.

Reversed and remanded for proceedings consistent with this opinion.

All concurred.