BEN P FYKE & SONS, INC v GUNTER COMPANY

1. Pleading—Amendment—Discretion.

Expiration of the 15-day time limit after a responsive pleading is served extinguishes the right to amend pleadings; thereafter granting or refusing permission to amend rests in the discretion of the trial court (GCR 1963, 118.1).

2. Pleading—Amendment—Discretion—Matters Considered.

Use by the trial judge of sources of information outside the pleadings to evaluate the merits of the parties' claims, and thus to determine whether justice will be served, is permissible in considering a motion to amend the pleadings after the time to amend of right has passed (GCR 1963, 118.1).

3. Pleading—Amendments—Discretion.

Denial of defendant's request to amend its answer to plead lack of capacity to sue because of plaintiff corporation's failure to file an annual report was not error where the trial judge determined that this defense could have been raised in the responsive pleadings, defendant at that time having been in possession of the facts and having offered no explanation for delay of approximately three months before filing its motion to amend, and further determined that plaintiff's excuse for non-filing was justifiable, and where in its original answer the defendant admitted liability but denied owing the amount demanded.

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 June 9, 1972, at Lansing. (Docket No. 12898.) Decided September 27, 1972. Leave to appeal granted, 389 Mich 762.

Complaint by Ben P. Fyke & Sons, Inc., against the Gunter Company for breach of contract. Defendant's motion to amend its answer to include

Reference for Points in Headnotes
[1–3] 61 Am Jur 2d, Pleading § 314.

affirmative defense denied and motion for rehearing denied. Defendant appeals. Affirmed.

*Hyman & Rice,* for plaintiff.

*Alan G. Greenberg,* for defendant.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

BRONSON, P. J. On April 13, 1971, plaintiff instituted suit against defendant for breach of contract in the Oakland County Circuit Court. Plaintiff alleged nonpayment for certain earth-moving services in excess of $21,000. On May 10, 1971, defendant filed its answer admitting liability but denying the amount of indebtedness. After the submission of interrogatories which plaintiff was compelled to answer, defendant acquired the specific date of the oral contract and information regarding plaintiff's corporate structure. From this information defendant discovered that plaintiff had failed to file its annual report and pay franchise fees pursuant to MCLA 450.87; MSA 21.87.

On August 11, 1971, defendant filed a motion to amend its answer to include the affirmative defense of lack of capacity to sue predicated on plaintiff's noncompliance with the General Corporation Act. After conducting a hearing, the trial judge denied defendant's motion. Subsequently, the trial judge denied defendant's motion for rehearing. From this order defendant seeks leave to appeal, claiming that the trial judge's denial of its motion to amend constituted an abuse of discretion.

The sole issue raised in the instant appeal is

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

governed by GCR 1963, 118.1 and its statutory counterpart, MCLA 600.2301; MSA 27A.2301. It is elementary that the expiration of the 15-day time limit after a responsive pleading is served extinguishes a party's right to amend and amendments are thereafter permitted only within the trial judge's discretion. *Hardaway v Consolidated Paper Co,* 366 Mich 190 (1962); *Randall v Douglass,* 321 Mich 492 (1948); *Miller v Green,* 37 Mich App 132 (1971); *Grove v Story Oldsmobile, Inc,* 31 Mich App 613 (1971); *Fred Gibbs, Inc v Old Colony Insurance Co,* 30 Mich App 352 (1971). Both the statute and court rule evidence a policy in which amendments should be liberally construed. *LaBar v Cooper,* 376 Mich 401 (1965); *Grove v Story Oldsmobile, Inc, supra; Fred Gibbs, Inc v Old Colony Insurance Co, supra.*

This discretionary standard can be reviewed for abuse only by considering the guidelines established by prior cases. Our initial guidance is gained from the Court's statement in *Burg v B & B Enterprises, Inc,* 2 Mich App 496, 500 (1966), that:

" * * * We believe that the language of GCR 1963, 118.1, 'leave shall be freely given when justice so requires' *imposes a limitation on the discretion of the court necessitating a finding that justice will not be served by the amendment."*[1] (Emphasis added.)

The Court in *Grove v Story Oldsmobile, Inc, supra,* reiterated this limitation and offered two factors to be considered by trial judges in exercising their discretion: (1) surprise and (2) disadvantage to the adverse party.

The trial judge in the present case issued a statement of discretionary action pursuant to GCR

---

[1] *Accord, Miller v Green,* 37 Mich App 132 (1971); *Fred Gibbs, Inc v Old Colony Insurance Co,* 30 Mich App 352 (1971).

1963, 806.3(3)(a) in which he relied upon these guidelines. He concluded that plaintiff's failure to file an annual report was justified and defendant could not escape liability for adequately performed services. His conclusion interjected an additional factor into the trial judge's decisional process. We do not find such conduct without precedent.

In *Burg v B & B Enterprises, Inc, supra,* the Court considered circumstances outside the above guidelines in evaluating the trial judge's denial of defendant's motion to amend. Immediately after establishing such guidelines, the *Burg* Court stated, "Here there is a preponderance of evidence in the pleadings, depositions, interrogatories, and affidavits requiring a contrary conclusion". These additional sources of information were relied upon by the *Burg* Court to reach the decision that justice would be served by the acceptance of defendant's motion to amend. Similarly, the trial judge below gained information regarding plaintiff's failure to file an annual report which he deemed important during the hearing upon defendant's motion. In essence, the present trial judge used the additional information to evaluate the merits of the parties' respective claims.

This Court pursued an identical approach in *Miller v Green, supra.* The *Miller* Court reviewed the record and plaintiff's affidavit and evaluated the merits of plaintiff's claim to determine whether justice would be served by permitting plaintiff's amendment. The *Miller* Court determined that the amendment should have been permitted by the trial judge only after reaching the conclusion that the complaint, as amended, revealed that plaintiff may be entitled to some relief. These authorities provide precedent for the trial judge's conduct below. A trial judge's decision

upon requested amendments should not be based exclusively upon such additional facts in derogation of the above guidelines. However, we find no error in his reliance upon supplementary sources of information to assist the exercise of his discretion. This finding will assist trial judges in answering the nebulous question of whether justice is served by the requested amendment. It is precisely this flexibility of the discretionary standard which provides the safeguard for the respective rights of the parties.

A review of the proceedings below indicates that defendant's failure timely to present its amendment constituted the primary basis for the trial judge's denial. In *People for the use of National Regulator Co v Rosewarne,* 247 Mich 22 (1929), the Court was confronted with circumstances similar to those in the present case. There, plaintiff, a subcontractor, sued defendant, a general contractor, for the payment of materials delivered. During trial the testimony of an officer of plaintiff corporation revealed that it was a foreign corporation not licensed to do business in the state. Based upon this information defendant attempted to amend his pleadings to incorporate such as an affirmative defense. The *Rosewarne* Court upheld the trial judge's denial of the amendment stating:

"Defendant had just as good an opportunity to know the basis for this plea, which is a matter of public record, at the time it filed its original plea, as at the time of trial. * * * There is nothing on the record to indicate whether this action was taken by defendant deliberately or whether their failure to know the situation as to plaintiff was due to negligence. The result to plaintiff would be the same in either instance."[2]

---

[2] *People for the use of National Regulator Co v Rosewarne,* 247 Mich 22, 27–28 (1929).

Although the present amendment was not offered as belatedly as the one in *Rosewarne,* the trial judge's decision is supported by this decision.[3]

The present defendant possessed accurate knowledge that plaintiff was a corporation at the time its answer was filed. The transcript of proceedings had on its motion further reveals defendant's admission that it either had knowledge of plaintiff's statutory violation before its answer was filed or immediately thereafter. Defendant offers no meritorious explanation for waiting approximately three months to file its motion to amend while possessing such knowledge. A review of the trial judge's primary basis for decision and an evaluation of his supplementary considerations fails to reveal error. Finding no abuse of discretion, we affirm the denial of defendant's motion to amend its pleadings.

Affirmed.

All concurred.

---

[3] But see *Grant v National Manufacturer & Plating Co,* 258 Mich 453 (1932), wherein the trial judge permitted defendant's belated amendment to include the affirmative defense that plaintiff's capacity to sue was suspended for failure to file a certificate of co-partnership. The *Grant* Court affirmed the trial judge, holding that plaintiff's misdescription of itself justified defendant's tardiness.