DRAPEFAIR, INCORPORATED v BEITNER

Docket No. 78-972. Submitted March 14, 1979, at Detroit.—Decided
   April 16, 1979.

   Drapefair, Incorporated, was the employer of Jacob Beitner who
      sustained a broken leg in a slip and fall while visiting Irving's
      Original Restaurant & Deli. Because the injury arose in the
      course of Beitner's employment, worker's compensation benefits
      were paid to him totalling $15,852.70. An action naming Drape-
      fair as plaintiff was brought against Irving's and other defen-
      dants alleging a breach of duty in failing to remove excessive
      accumulations of ice and snow which resulted in Beitner's fall
      and injury. The employee Jacob Beitner and his attorney Elliot
      Beitner were also named as defendants. In Count I of its
      complaint, plaintiff asked for judgment citing its statutory lien
      and statutorily prescribed right to pursue an action to recover
      compensation benefits paid or payable from the defendant
      tortfeasors. In Count II, plaintiff alleged that despite notice to
      the parties of plaintiff's asserted statutory lien, defendant
      Jacob Beitner, by and through his attorney Elliot Beitner,
      engineered a settlement with defendant tortfeasors and that
      thereafter all defendants had wrongfully converted the settle-
      ment money rightfully belonging to plaintiff pursuant to its
      statutory lien. Judgment for $15,852.70 was requested. Later,
      plaintiff filed a motion to amend its complaint to include its
      worker's compensation carrier as a party plaintiff. Defendants
      Beitner filed answers and a subsequent amended motion for an

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 81 Am Jur 2d, Workmen's Compensation §§ 70, 71.
   Statute of limitations applicable to action, by any of subrogation or
      the like, by employer or insurance carrier against third person
      for injury to employee. 41 ALR2d 1044.
[2] 82 Am Jur 2d, Workmen's Compensation § 429.
[3] 61 Am Jur 2d, Pleading § 314.
[4] 82 Am Jur 2d, Workmen's Compensation § 439.
[5] 61 Am Jur 2d, Pleading § 336.
[6] 59 Am Jur 2d, Parties § 239.
[7] 82 Am Jur 2d, Workmen's Compensation §§ 433, 434.
[8] 82 Am Jur 2d, Workmen's Compensation §§ 437, 439.

accelerated judgment of dismissal challenging Drapefair's status as the proper party plaintiff. Attached to this motion was an affidavit of Joseph Merin, Drapefair's president and chief stockholder stating that he had never authorized the bringing of the lawsuit in Drapefair's name and did not wish the suit to continue. Oakland Circuit Court, Richard D. Kuhn, J., issued an order denying plaintiff's motion to amend its complaint to add its worker's compensation carrier as a party plaintiff and granting accelerated judgment for defendants. The court found that the worker's compensation insurance carrier was the real party in interest and that the action had been commenced on behalf of Drapefair without that company's authorization and that the action was being continued against Drapefair's wishes. The complaint was dismissed. Plaintiff appeals. *Held:*

1. The real party in interest with a substantive right to recover in the name of an injured employee against third-party tortfeasors is an employer or its insurance carrier which has paid compensation benefits to the employee. Drapefair paid no compensation benefits to Beitner. The real party in interest was Drapefair's compensation carrier; therefore Drapefair had no interest in the subject matter of the controversy and this lack of interest was underscored by president Merin's affidavit. Another reason the insurance carrier could not have been joined as a party plaintiff in Drapefair's action is because the carrier, as subrogee of the employee's right to recover for personal injury, was subject to a three-year statute of limitations and at the time Drapefair's motion to amend its complaint was made, the three-year statute had run. Therefore, since the named plaintiff had no interest in the controversy and since the limitations period had expired, the original action was void and the motion to amend was properly denied as to Count I.

2. As to Count II, an action for conversion of the settlement money carries a six-year statute of limitations instead of the three-year statute for recovery of damages for personal injury. Justice dictates that the insurance company, the sole real party in interest, should bring suit in its own name. Bringing suit in the name of an employer without its authorization and against its apparent wishes cannot be condoned.

Affirmed.

1. WORKMEN'S COMPENSATION — TORTS — THIRD-PARTY TORTFEASORS — SETTLEMENT BY EMPLOYEE — ACTION BY EMPLOYER — ACTION BY INSURANCE CARRIER — STATUTES.

An injured employee has the right to settle his claim against a

third-party tortfeasor; however, settlement with a third-party tortfeasor does not extinguish an employer's or his insurance carrier's right to proceed against the third-party tortfeasor and if the injured employee does not sue a potentially liable third party within one year from the date of injury, the employer or his insurance carrier may sue to enforce the liability of the third party in the employee's name (MCL 418.827[1], [2], [3]; MSA 17.237[827][1], [2], [3]).

2. WORKMEN'S COMPENSATION — TORTS — THIRD-PARTY TORTFEASORS — ACTION BY EMPLOYER — ACTION BY INSURANCE CARRIER.

The substantive right to recover from a third-party tortfeasor in the name of an injured employee belongs to the employer or his compensation insurance carrier who has paid compensation benefits; the employer or his insurance carrier is the real party in interest in a suit brought in the name of the employee against a tortfeasor.

3. PLEADING — AMENDMENT OF PLEADINGS — CONSENT TO AMENDMENT — MOTIONS — JUDGE'S DISCRETION — REQUIREMENTS OF JUSTICE — COURT RULES.

Amendment of a complaint more than 15 days after an answer has been filed requires leave of the court or written consent of the adverse party and, although motions to amend pleadings are always addressed to the sound discretion of the trial court, leave to amend should be freely given when justice so requires (GCR 1963, 118.1).

4. WORKMEN'S COMPENSATION — LIMITATION OF ACTIONS — THIRD-PARTY TORTFEASORS — ACTION BY INSURANCE CARRIER — SUBROGEES — STATUTES.

The right to pursue an action against a third-party tortfeasor to recover compensation benefits paid or payable to an injured employee by an insurance carrier, as subrogee of the employee's right to recover for personal injury, is subject to a three-year statute of limitations (MCL 418.827[1], 600.5805; MSA 17.237[827][1], 27A.5805).

5. PLEADING — AMENDMENT OF PLEADINGS — RELATION BACK — COURT RULES.

Amendment to pleadings relate back to the date of the original pleadings whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, with the exception of amendments made for the purpose of demanding a trial by jury (GCR 1963, 118.4).

6. Pleading — Amendment of Pleadings — New Parties — Subject Matter — Former Action — Interest of Original Plaintiff.

Amendment of pleadings to change the identity of the party plaintiff may be allowed where the plaintiff originally brought an action in the wrong capacity and the new plaintiff may be allowed to take advantage of the former action if the original plaintiff had, in any capacity, either before or after the commencement of the action, an interest in the subject matter of the controversy.

7. Workmen's Compensation — Torts — Third-Party Tortfeasors — Settlements — Reimbursement of Employer — Statutes.

Any proceeds recovered by an injured employee in a settlement with a third-party tortfeasor should first reimburse the employer or his insurance carrier for any amounts paid or payable to the date of recovery (MCL 418.827[4], [5]; MSA 17.237[827][4][5]).

8. Limitation of Actions — Torts — Subrogees — Tort Recovery — Conversion of Money — Statutory Liens — Three-Year Statute — Six-Year Statute.

An action against third-party tortfeasors by an employer or his insurance carrier, as subrogee of an injured employee, is governed by the three-year statute of limitations applicable to actions to recover damages for injuries to persons or property; however, an action to recover for wrongful conversion and disbursement of money rightfully belonging to an employer or his insurance carrier in violation of a statutory lien is not an action to recover damages for injuries to persons or property and the general six-year statute of limitations applies (MCL 600.5805, 600.5813; MSA 27A.5805, 27A.5813).

*Conklin, Benham, McLeod, Ducey & Ottaway* (by *Martin L. Critchell),* for plaintiff.

*Goldstein, Meklir, Jasmer, Schreier & Feldman,* for Congress Management, R.R.G.S. Management and Great Scott Supermarkets.

*Elliot I. Beitner, P.C.,* for defendants Jacob Beitner and Elliot Beitner.

*Morbach, Cheatham & MacArthur* (by *Paul F.*

Ray), for defendant Irving Gutman doing business as Irving's Original Restaurant & Deli.

Before: V. J. BRENNAN, P.J., and BRONSON and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiff appeals the February 14, 1978, order denying its motion to amend its complaint and granting accelerated judgment for all defendants.

On December 1, 1974, defendant Jacob Beitner, employee of plaintiff Drapefair, Inc., sustained an injury while visiting Irving's Original Restaurant & Deli. Defendant Great Scott Supermarkets operated a retail food store near Irving's. Defendants Congress Management and R. R. G. S. Management were owners or general managers of this commercial property. Because the injury arose in the course of Jacob Beitner's employment, worker's compensation benefits were paid to him totalling $15,852.70.

In its July 27, 1977, complaint plaintiff alleged that defendants Irving's, Great Scott, Congress and R.R.G.S. had breached their respective duties by failing to remove excessive accumulation of ice and snow, directly resulting in defendant Jacob Beitner's falling and sustaining a broken leg. In Count I of its complaint plaintiff asked for judgment in the amount of $25,000, citing its "statutory lien and * * * statutorily prescribed right to pursue an action against and recover compensation benefits paid or payable from" the defendant tortfeasor. MCL 418.827; MSA 17.237(827).

In Count II plaintiff alleged that, despite the June 2, 1975, notice to the parties of plaintiff's asserted statutory lien, defendant Jacob Beitner, by and through his attorney defendant Elliot Beitner, "engineered a settlement with" the defendant

tortfeasors. It was alleged that all defendants had wrongfully converted the settlement money rightfully belonging to plaintiff pursuant to its statutory lien. A judgment in the maximum amount of $15,852.70 was requested.

Among the various answers filed in response to plaintiff's allegations was the claim by defendants Beitner that, if a lien existed in plaintiff's favor, it did not exist as to them but only as to the defendant third-party tortfeasors. The allegation that there was a settlement between Jacob Beitner and defendants Irving's and Great Scott was admitted.

In response to an affirmative defense raised by defendant Irving's, plaintiff filed, on December 16, 1977, a motion to amend its complaint to include plaintiff's worker's compensation insurance carrier as a party plaintiff. It was defendant Irving's allegation that plaintiff Drapefair was not the real party in interest. Plaintiff also requested that a constructive trust be imposed upon defendants Beitner to the extent of money received in settlement of any claims arising out of the December 1974 incident and received after payment of compensation benefits.

On December 19, 1977, defendants Beitner filed an "Amended Motion for Accelerated Judgment of Dismissal", challenging Drapefair's status as the proper party plaintiff. Attached to this motion was the affidavit of Joseph Merin, Drapefair's president and chief stockholder, stating that he had never authorized the bringing of this lawsuit in Drapefair's name. Nor had he been informed that the lawsuit had been brought in Drapefair's name. He concluded, "I specifically do not authorize such a lawsuit being filed on my behalf and do not wish the suit to continue." In plaintiff's original complaint, Mr. Merin was referred to as Jacob Beit-

ner's employer, owner and operator of Drapefair, Inc.

On February 14, 1978, the order denying plaintiff's motion to amend and granting accelerated judgment for defendants was entered. The court found that the worker's compensation insurance carrier was the real party in interest and that the action had been commenced on behalf of Drapefair without that company's authorization and that the action was being continued against Drapefair's wishes. The complaint was dismissed.

In discussing the correctness of the trial court's entry of accelerated judgment for all defendants we will address the two counts separately.

### Count I (claims against defendant third-party tortfeasors only)

As to these defendants and Count I what is at issue is proper application of § 827 of the Worker's Disability Compensation Act:

"(1) Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of action by any party under this section,

the parties shall notify, by certified mail at their last known address, the bureau, the injured employee, or in the event of his death, his known dependents or personal representative or his known next of kin, his employer and carrier. Any party in interest shall have a right to join in the action.

"(2) Prior to the entry of judgment, either the employer or carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"(3) Settlement and release by the employee is not a bar to action by the employer or carrier to proceed against the third party for any interest or claim it might have.

"(4) If the injured employee or his dependents or personal representative settle their claim for injury or death or commence proceedings thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits." MCL 418.827; MSA 17.237(827).

Under paragraph 2 of this section, the right of an injured employee to settle his claim against third-party tortfeasors is recognized. Paragraph 3 provides that an employee's settlement with a third-party tortfeasor does not extinguish the em-

ployer's or insurance carrier's right, as set forth in paragraph 1, to proceed against the third-party tortfeasor. Under paragraph 1, if an injured employee does not sue a potentially liable third party within one year from the date of injury, the employer or insurance carrier may sue to enforce the liability of the third party in the employee's name.[1] The substantive right to recover from a third-party tortfeasor in the name of an injured employee belongs to the employer or compensation insurance carrier who has paid compensation benefits; that is, the party who has paid benefits to the employee is the real party in interest in a suit brought in the name of the employee against a tortfeasor. *Detroit v Spivey,* 68 Mich App 295, 299-300; 242 NW2d 561 (1976).

In the instant case it was plaintiff Drapefair's workers' compensation insurance carrier who paid benefits to defendant Jacob Beitner. The carrier, therefore, was the real party in interest. Under GCR 1963, 201.2, the action against the third-party tortfeasors should have been brought by the carrier.[2] See *Sinai Hospital v Sivak,* 88 Mich App 68; 276 NW2d 518 (1979).

It was in response to the contention that Drapefair, who had not paid compensation benefits to

---

[1] Settlement between defendant Jacob Beitner and the defendant third-party tortfeasors was reached without Mr. Beitner filing suit against the tortfeasors.

[2] Plaintiff Drapefair's claim that it is a real party in interest due to its interest in securing a credit against possible future liability to defendant Jacob Beitner is not persuasive. Worker's compensation benefits were paid to Jacob Beitner pursuant to a redemption agreement. MCL 418.835; MSA 17.237(835). Jacob Beitner agreed, in exchange for a lump sum payment, to forego any right to proceed against Drapefair or its insurance carrier for further compensation benefits. The redemption agreement was a final settlement of Drapefair's liability under the Worker's Disability Compensation Act. *White v Weinberger Builders Inc,* 397 Mich 23; 242 NW2d 427 (1976), aff'g 49 Mich App 430; 212 NW2d 307 (1973), *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361, 364 fn 2; 258 NW2d 227 (1977).

Jacob Beitner, was not the real party in interest that the motion for leave to amend the complaint was made on December 16, 1977.

Amendment of a complaint more than 15 days after an answer has been filed requires leave of the court or written consent of the adverse party. Leave to amend is to be freely given when justice so requires. GCR 1963, 118.1. The grant or denial of a motion to add a party is governed by the same standard as applies to motions to amend pleadings. Such motions are always addressed to the sound discretion of the trial court. *Matson v Soronen,* 57 Mich App 190, 193; 226 NW2d 52 (1974), *lv den* 394 Mich 762 (1975).

We find that the trial court did not abuse its discretion in denying plaintiff's motion to amend its complaint as to Count I. On the contrary, a contrary ruling would have been improper. The injury which gave rise to the carrier's right to recover from the third-party defendants under the theory set forth in Count I occurred on December 1, 1974. The provision of the Worker's Disability Compensation Act which establishes the substantive right asserted in Count I incorporates the statute of limitations "prescribed by statute". MCL 418.827(1). Since the carrier's position vis-à-vis the third-party defendants, in Count I, is as subrogee of the employee's right to recover for personal injury, the applicable statute of limitations is three years. MCL 600.5805; MSA 27A.5805. At the time the request to allow the real party in interest to join in the suit was made, the three-year limitations period governing Count I had run.

GCR 1963, 118.4 controls relation back of amended pleadings:

"Except for the purpose of demanding a trial by jury

under sub-rule 508.2, the amendment relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

In *Plowman v Satkowiak,* 22 Mich App 425; 177 NW2d 641 (1970), the plaintiff, by her administrator, brought a dramshop action against one of the defendants. At the pretrial conference this defendant argued that the plaintiff's action was not proper under the liquor control act and moved for summary judgment. In response, the plaintiff moved to add her parents as parties plaintiff. The trial court held that the plaintiff's administrator had no right of action against the defendant and denied the motion to add the parents as plaintiffs. Summary judgment was entered for the defendant. On appeal this Court noted the trial court's error in considering the administrator as the plaintiff. On the contrary, suit had been brought by the decedent through her administrator. The Court found that a clear right of action belonged to the plaintiff by her administrator. In addition, the Court discussed the denial of the motion to add the plaintiff's parents as parties plaintiff:

"The trial court denied plaintiff's motion to add new parties, having found that the administrator was not the proper party to bring an action in the present case. The trial court concluded that new parties could not be added as the two-year statute of limitations on actions brought under the liquor control act had run. *This conclusion would have been correct had plaintiff's administrator had no right of action against defendant Dropek.* It is not true under the holding made here today." *Id.* at 429. (Emphasis added.)

The *Plowman* court cited *Doan v Chesapeake &*

*Ohio R Co,* 18 Mich App 271; 171 NW2d 27 (1969). In discussing the grant of leave to amend pleadings so as to enable plaintiffs who have brought suit in the wrong capacity to sue in the proper capacity, the *Doan* court approved the following limitation found in 63 Harvard L Rev 1177, 1239 (1950):

" 'However * * * where the plaintiff sues in the wrong capacity some courts have experienced considerable difficulty in avoiding the objection that the original action was void, and have thus disallowed the change of the party plaintiff. Nevertheless, the new plaintiff is today usually allowed to take advantage of the former action if the original plaintiff had, *in any capacity, either before or after the commencement of suit, an interest in the subject matter of the controversy.'* (Emphasis supplied.)" 18 Mich App at 279.

Under this limitation, accelerated judgment was properly entered on Count I for the defendant third-party tortfeasors. Plaintiff Drapefair paid no compensation benefits to defendant Jacob Beitner and, therefore, had no interest in the subject matter of the controversy. The affidavit of the president of Drapefair, which underscores the company's lack of interest in the subject matter of this controversy, indicates that suit was perhaps actually begun by the legal representatives of the insurance carrier but in the name of the employer. Since the named plaintiff had at no time any interest in the controversy and since the limitations period had expired, the original action was void and the motion to amend was properly denied as to Count I.

*Count II (claims against all defendants)*

Under § 827(4), any money recovered by an in-

jured employee in settlement with a third-party tortfeasor is to be applied as provided in the Worker's Disability Compensation Act. The following paragraph 5 describes the method in which settlement proceeds are to be disbursed: "Any recovery against the third party for damages * * * shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery * * *." MCL 418.827(5).

In *Gamble v American Asbestos Products Co,* 381 Mich 105; 159 NW2d 839 (1968), the Supreme Court, in holding that a compensation carrier was entitled to a credit against future compensation benefits from the proceeds of the settlement received by the injured employee from the third-party tortfeasor, stated:

"Plaintiff says the statutory requirement that the settlement moneys or recovery shall be used to reimburse the insurance carrier refers only to recovery through judgment for the employee in its action against the third party and not to recovery by way of settlement before judgment in such action. We find no language in the statute whatsoever that leads permissibly to such conclusion. In fact, the language that in the event the employee shall settle his claim any money so recovered shall be applied as in the act provided, coupled with the further provision that any such recovery shall first reimburse employer or its insurance carrier, means the very converse.

"The statute says the employee may sue, settle with, and release the third party before judgment. The statute also says that any moneys so recovered shall be applied as therein provided, and thereafter provides that any recovery against the third party shall first reimburse the employer and its insurance carrier. We can see no lawful alternative to compliance with the express language of the statute by affirming, as we do, the decisions below." *Id.* at 112.

The right of reimbursement from settlement proceeds was also discussed by the Supreme Court in *Transamerica Freight Lines, Inc v Quimby,* 381 Mich 149; 160 NW2d 865 (1968), where the Court affirmed judgment against the injured employee who had settled with the third-party tortfeasors. In ruling against the employee, the trial court had stated that the compensation insurance carrier's right to reimbursement from the settlement recovery did not depend on whether the carrier had intervened in a suit instituted by the employee against the tortfeasors. The Supreme Court agreed, citing the plain language of § 827(4) that any money recovered by the employee in settlement of his claim for injury or death must first be applied to reimbursement of the employer or insurance carrier. *Id.* at 160. Also see *Arnett v General Motors Corp,* 22 Mich App 658; 177 NW2d 704 (1970).

Examination of the record convinces this Court that the trial court would not have abused its discretion in allowing plaintiff to amend its complaint as to Count II. The complaint and amended complaint clearly stated causes of action against all defendants. The foregoing cases conclusively establish the insurance company's substantive right to proceed against defendant Jacob Beitner. And see the Supreme Court's discussion in *Quimby, supra,* at 160-164 for a demonstration of the possibility of liability on the part of an injured employee's attorney. With respect to the defendant third-party tortfeasors, it was alleged that, despite plaintiff's statutory lien, they "did wrongfully convert and disburse money rightfully belonging to the plaintiff, Drapefair, Inc., pursuant to said statutory lien". Without expressing an opinion as to the merits of the carrier's claims against each of

the defendants in Count II, we note that, unlike those in Count I, these claims were not governed by the three-year statute of limitations for actions to recover damages for injury to persons and property. MCL 600.5805; MSA 27A.5805. Rather the general six-year statute of limitations applied to the claims set forth in Count II.[3] MCL 600.5813; MSA 27A.5813.

Although we conclude that the claims in Count II, if brought by the real party in interest (i.e., the insurance carrier), would not have been barred by the running of the applicable limitations period, we nonetheless affirm the trial judge's denial of plaintiff's motion to amend its complaint to add the insurance company as a party plaintiff. The judge was presented with the affidavit of Drapefair's president which clearly indicated that company's dissatisfaction with the bringing of suit in its name. Denial of the motion to amend was based on this affidavit. In light of the affidavit, the judge properly exercised his discretion in determining that amendment would not serve the ends of justice. On the contrary, justice dictates that the insurance company, the sole real party in interest, bring suit in its own name. The insurance company's bringing of suit in the name of the employer, without the authorization of and against the apparent wishes of the employer, cannot be condoned.

Accelerated judgment for all defendants as to Counts I and II is affirmed.

Costs to appelles.

---

[3] The holding in *Gamble, supra,* in light of the time sequence there involved clearly indicates the inapplicability of the three-year statute of limitations. Also see *Quimby, supra,* at 172 (opinion of BLACK, J.).

The conversion claim is also governed by the six-year statute of limitations. See *Miller v Green,* 37 Mich App 132; 194 NW2d 491 (1971).