**CHRYSLER CORPORATION, a
Delaware corporation, Plaintiff,**

v.

**BUNNELL CHRYSLER DODGE, INC., a
Florida corporation, Ralph Sherrill and
James Lowe, jointly and severally, Defendants.**

No. 85–CV–73115–DT.

United States District Court,
E.D. Michigan, S.D.

Oct. 23, 1985.

---

Paul R. Eichbauer and William T. McLellan, Steven B. Hantler, Detroit, Mich., for plaintiff.

Anthony A. Haisch, Buesser, Buesser, Blank, Lynch, Fryhoff & Graham, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

FEIKENS, Chief Judge.

Plaintiff, Chrysler Corporation, sues defendants Bunnell Chrysler Dodge, Inc. and its two fifty-percent stockholders, Ralph Sherrill and James Lowe, for breach of contract, breach of guaranty contract, and conversion. Jurisdiction is based upon 28 U.S.C. § 1332, there being complete diversity of citizenship between plaintiff and defendants.

 The matter before me is defendant James Lowe's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Defendant has raised four arguments in support of his Motion. First, defendant argues that no contract of guaranty exists between Chrysler Corporation and himself. Chrysler, however, has submitted a copy of a signed guaranty contract which, at a minimum, raises an issue of fact as to the existence of a guaranty between Chrysler and defendant. Second, defendant argues that he could not commit the act of conversion because he was not involved in the day-to-day control of Bunnell Chrysler-Dodge and, thus, had no control over the automobiles that were allegedly converted. Again, this is a factual issue that I cannot decide at this time. Defendant Lowe was one of two fifty-percent shareholders in the Bunnell Chrysler-Dodge corporation and the issue of his control over the subject automobiles is in dispute.

Defendant's third argument is that the statute of limitations has expired on any act of conversion. In support of this argument defendant cites *Continental Casual-*

*ty Co. v. Huron Valley National Bank,* 85 Mich.App. 319, 271 N.W.2d 218 (1978). In *Continental,* the Court applies a three-year statute of limitations period to a conversion claim under the Uniform Commercial Code. The court in *Continental* reasoned that the three-year limitations period should apply in order to further the policy of consistent application of the Uniform Commercial Code from state to state.

■ Other Michigan cases decided before and after the *Continental* case have interpreted the Michigan statute of limitations, M.C.L.A. § 600.5805, as applying a six-year limitations period to conversion actions outside of a Uniform Commercial Code context. *See Drapefair, Inc. v. Beitner,* 89 Mich.App. 531, 280 N.W.2d 585 (1979); *Miller v. Green,* 37 Mich.App. 132, 194 N.W.2d 491 (1971). The case before me is not covered by the conversion provisions of the Uniform Commercial Code; thus, I hold that a six-year statute of limitations period is appropriate. Accordingly, I hold defendant's argument that plaintiff's conversion claim is outside the appropriate limitations period to be unavailing.

■ Defendant's final argument in support of his Motion is that this Court has no personal jurisdiction over him. It is undisputed that defendant entered into an Application for Sale Agreement with Chrysler Corporation. *See* Plaintiff's exhibit 1. The application is made between defendants Lowe and Sherrill, and plaintiff Chrysler Corporation of Detroit, Michigan. In addition, defendant Lowe signed a Continuing Guaranty with Chrysler Corporation Credit Department of Detroit, Michigan. *See* Plaintiff's exhibit 5. Chrysler has submitted an affidavit which states: "Since Bunnell's participation in the Dealer Rent-A-Car Program would increase Chrysler's risk, Chrysler required Lowe to submit a Continuing Guaranty of Bunnell's obligation to Chrysler." *See* Declaration of Sandra L. Laurence, ¶ 8. Thus, it appears that Chrysler Corporation relied upon the contracts which defendant Lowe had entered in its decision to allow Bunnell to join the Dealer Rent-A-Car Program.

It is these rental cars which Chrysler alleges were converted by Lowe. Under the recent teachings of the Supreme Court in *Burger King Corp. v. Rudzewicz,* —— U.S. ——, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), it appears that personal jurisdiction over defendant Lowe in this case does not offend the Constitutional guaranty of due process:

And with respect to interstate contractual obligations, we have emphasized that parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to regulation and sanctions in the other State for the consequences of their activities. *Travelers Health Assn. v. Virginia,* 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950). *See also McGee v. International Life Insurance Co.,* 355 U.S. 220, 222–223, 78 S.Ct. 199, 200–201, 2 L.Ed.2d 233 (1957).... Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, ——, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities, *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, ——, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984).

105 S.Ct. at 2182 (footnotes omitted).

In this case, Lowe purposefully directed his activities at Chrysler Corporation of Detroit, Michigan, and in turn, Chrysler sent a number of Dealer Rent-A-Cars to Bunnell Chrysler-Dodge. Chrysler now alleges that defendant Lowe converted a number of these Dealer Rent-A-Cars. I hold that defendant Lowe's continuing activity with residents of Michigan and the alleged conversion which arises out of or relates to this activity is sufficient to render Lowe subject to the personal jurisdiction of this Court.

Accordingly, defendant James Lowe's Motion to Dismiss, or in the alternative, Motion for Summary Judgment is hereby DENIED.

IT IS SO ORDERED.