**In re Charles H. BRITTON d/b/a American Citizen Stables, Debtor.**

**Charles H. BRITTON, Plaintiff,**

**v.**

**FESSLER & BOWMAN, INC., a Michigan Corporation, Defendant.**

**Bankruptcy No. 83–00208.**

**Adv. No. 86–7505.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Oct. 30, 1986.

Larry G. Sharp, Farmington Hills, Mich., for plaintiff.

James C. Dillard, Flint, Mich., for defendant.

## MEMORANDUM OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ARTHUR J. SPECTOR, Bankruptcy Judge.

The facts of this adversary proceeding are as follows. On August 8, 1981, the plaintiff, debtor, Charles H. Britton, entered into a contract to purchase various construction equipment from the defendant, Fessler & Bowman, Inc. (hereafter "Fessler"). Britton deposited $18,000 toward the purchase but then failed to perform the balance of the contract terms. As a result, Fessler, in October, 1981, commenced suit in Genesee County Circuit Court against Britton for damages arising from the breach of contract. In December, 1982, the Genesee County Probate Court ruled that Britton was mentally incompetent. On March 17, 1983, Britton filed Chapter 11, which, of course, stayed the Circuit Court suit. On August 15, 1983, he notified Fessler and others, by letter, that on July 7, 1983, his competency had been restored. He further stated that his incompetency dated back to around January 1, 1981 and that he disavowed any and all contractual relationships created during his incompetency. The letter advised that all parties, subject to supervision of the Bankruptcy Court, were to be returned as nearly as possible to the *status quo*.[1] Subsequently, on February 4, 1985, this Court determined that Britton indeed had been mentally incompetent, and therefore lacked

capacity to contract between April, 1981 and April, 1982. On January 15, 1986, Britton filed this adversary proceeding to recover the $18,000 he deposited with Fessler in 1981.

Fessler moves for summary judgment, pursuant to Bankruptcy Rule 7056. It argues that the statute of limitations has run and that it is therefore entitled to judgment as a matter of law. First, it claims that the action is barred by 11 U.S.C. § 546 which states:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> > (1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; or
> >
> > (2) the time the case is closed or dismissed.

Second, it argues that since Britton disavowed the existence of any contract, his action for the return of the money is not "in contract"; therefore, it should be governed by the three-year statute of limitations which applies to suits to recover for injuries to person or property, pursuant to Mich.Comp.Laws § 600.5805(7); Mich.Stat. Ann. § 27A.5805(7).[2] The suit would then be barred since three years from the date of the contract passed on August 8, 1984. As Michigan law allows a six-year period to bring actions on contract, R.J.A. § 5807(8),[3] or, indeed for any type of action not covered by a specific statute of limitations, R.J.A. § 5813,[4] if either of these statutes is

---

1. That letter stated, in part:

   On the 7th day of July, 1983, the Genesee County Probate Court ruled that I no longer was a legally incapacitated person. Consistent with that ruling and Court Order I hereby exercise my right to disavow any and all contractual relationships which were created between us during my incompetency which I am informed and now believe to have started about January 1, 1981.

   I am further informed that all parties are to be returned as nearly as possible to status quo, all subject to the supervision and order of the Bankruptcy Court. The full cooperation and assistance of all parties including myself in this regard is expected and necessary. The appropriate method to accomplish an equitable solution is now in the hands of

the Bankruptcy Court. Written inquiries may be addressed to my attorney ...

2. Section 5805(7) states:

   The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property.

   Hereafter the statutes of limitations discussed in this opinion will be referred to as R.J.A. § ____ (R.J.A. for "Revised Judicature Act").

3. Section 5807(8) states:

   The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.

4. Section 5813 states:

   All other personal actions shall be commenced within the period of 6 years after the

applicable and if it is measured from the date of the contract, the statute of limitations would expire on August 8, 1987. The question presented by this case is whether an action to recover a deposit made by a mental incompetent during the period of his incompetency, for the purchase of assets not necessary for his maintenance or support, is an action for a tort involving personal injury or property damage. As far as we can tell, this is a question of first impression under Michigan law.

Somewhat missing the point, Britton argues that this is a "turnover" action under 11 U.S.C. § 542, and therefore is not governed by any state law statute of limitations, or by § 546. Fessler did not respond to this argument.

Characterization of the plaintiff's cause of action as a "turnover" action is neither accurate nor helpful. "Turnover" was a term widely used in practice under the former Bankruptcy Act. It was useful there as a shorthand phrase to indicate that the bankruptcy court had summary jurisdiction over the controversy. *See In re Riding* 44 B.R. 846, 12 B.C.D. 635, 11 C.B.C.2d 859 (Bankr.D.Utah 1984). In short, if the one in possession could not substantially dispute that the property belonged to the bankrupt estate, yet refused to turn the property over to the trustee, the trustee could bring, in the bankruptcy court forum itself, an action for turnover. The bankruptcy court had summary jurisdiction to hear this controversy and to order the turnover of the property. On the other hand, when the action was one in contract and there was a good faith defense as to the estate's entitlement to the asset, the action was deemed "plenary" and therefore had to be brought in some forum other than the bankruptcy court. *B.F. Avery & Sons Co. v. Davis,* 192 F.2d 255, 259 (5th Cir.1951), *cert. denied,* 342 U.S. 945, 72 S.Ct. 559, 96 L.Ed. 703 (1952); *In re Cadillac Brewing Co.,* 102 F.2d 369 (6th Cir.1939); *In re Riding, supra.* At first, practice under the Bankruptcy Code was considerably altered with respect to this jurisdictional dichoto-

my. All "civil proceedings arising under title 11 or arising in or related to cases under title 11" could be decided by and in the bankruptcy court. 28 U.S.C. § 1471(b) (1978). With respect to state contract actions which would have no independent life in a federal forum but for the bankruptcy of one of the parties, however, the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), held that Congress unconstitutionally delegated the decision-making authority to the non-Article III bankruptcy judge. As a result, and intending to vest as much jurisdiction as is constitutional in the bankruptcy court, Congress, in 1984 enacted 28 U.S.C. § 157(b). That section provides that the bankruptcy judge has power to hear and decide all core matters. Ostensibly to assist in the determination of what is a core matter, Congress provided a non-exclusive laundry list of core matters. *See generally, In re Nanodata Computer Corp.,* 52 B.R. 334, 13 B.C.D. 488 (Bankr.N.D.N.Y.1985). Among them are "(E) orders to turn over property of the estate".

As we stated in *In re Atlas Automation, Inc.,* 42 B.R. 246, 247 (Bankr.E.D. Mich.1984), we are inclined to read this section as not countenancing the trial of independent state law causes of action to decision in bankruptcy court solely on the basis that it is a proceeding for an order "to turn over property of the estate." The debtor's argument is that anything the debtor wants, and claims that someone else has, is property of the estate subject to "turnover". Obviously, this reading of "orders to turn over property of the estate" would make the balance of § 157(b)(2) superfluous in most cases. Accordingly, we hold that this action is not a "turnover" action. *In re Arnold Print Works, Inc.,* 54 B.R. 562 (Bankr.D.Mass.1985); *In re Maislin Industries, U.S., Inc.,* 50 B.R. 943, 13 B.C.D. 188, 13 C.B.C.2d 316 (Bankr.E.D. Mich.1985); *In re Bokum Resources Corp.,* 49 B.R. 854, 13 B.C.D. 11, 13 C.B. C.2d 20 (Bankr.D.N.M.1985); *In re Atlas*

claims accrue and not afterwards unless a

different period is stated in the statutes.

*Automation, Inc., supra.* Therefore, examination of the various statutes of limitations is necessary.

■ The § 546 two-year statute of limitations for the bringing of avoidance actions by trustees is unavailable in this case for two reasons. First, the plaintiff is not a trustee. As a leading commentator has stated,

> The better view is that § 1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession to limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for the purposes of § 546(a). If a trustee is appointed in a case under Chapter 11 or any case converted from Chapter 11, he will have two years from the date of his appointment to commence actions pursuant to § 546(a).

2 *Collier on Bankruptcy,* § 546.02(2) (15th ed. 1985); *In re Silver Mill Frozen Foods, Inc.,* 23 B.R. 179 (Bankr.W.D.Mich.1982).

Second, by its own terms, § 546 applies only to actions brought under §§ 544, 545, 547, 548 and 553. This lawsuit does not arise under any of those sections. Instead, it is an action to vindicate an independent state-law created right which was and is cognizable without the filing of a bankruptcy petition. Only causes of action arising under the avoidance powers of *the trustee* are barred by the two-year statute of limitations. This action is an action available to the debtor in or out of a bankruptcy court.

■ The success or failure then of the defendant's motion hinges on determining whether R.J.A. § 5805(7), which states that "the period of limitation is 3 years for all other actions to recover damages for injuries to persons or property" applies.

Fessler suggests that the plaintiff's action lies in tort and argues that it should therefore be barred by the three-year limitation of R.J.A. § 5805(7), as measured from the contract's execution in August, 1981. It claims that even though a contract once existed, R.J.A. § 5807, dealing with breaches of contract, does not apply because the plaintiff disaffirmed the contract. The parties vigorously debate whether the action sounds in tort or in contract, as if that would decide the question. We don't feel it is necessary to say whether this action is "in tort" or "in contract", for that is not important. The question is whether it is an action "to recover damages for injuries to persons [or] property." To do this, because there is no case on point, it is necessary to compare it with other types of actions.

The Michigan Supreme Court has stated the general rule that "contracts or conveyances of mentally incompetent persons made prior to an adjudication. of mental incompetency are voidable." Where one was "incompetent to make a contract and has suffered financially in consequence, courts will set the transaction aside." *Lynder v. Schulkin,* 305 Mich. 451, 454–455, 9 N.W.2d 672 (1943).

We believe that the plaintiff's disaffirmance of the contract effectuated what, in law, is termed a "rescission". 17 Am. Jur.2d *Contracts* §§ 501, 512 (1964). The rescission simply set the stage for determining a remedy. But what statute of limitations applies to such a cause of action?

A line of Michigan cases holds that when a plaintiff's complaint alleges "that he was injured in his financial expectations", but not that he suffered any "actual damage to property or physical injury", the three-year statute of limitations does not apply. *Schenburn v. Lehner Assoc., Inc.,* 22 Mich. App. 534, 538, 177 N.W.2d 699 (1970); *Case v. Goren,* 43 Mich.App. 673, 682, 204 N.W.2d 767 (1972) ("to invoke the three-year period, the nature of the injury *must* involve injury to persons or property"); *Fries v. Holland Hitch Co.,* 12 Mich.App. 178, 162 N.W.2d 672 (1968). In this case the plaintiff has alleged no specific injury to any particular piece of property or to his person as a result of any conduct or omissions by the defendant. Instead, the only "harm" "suffered" by the plaintiff is the deprivation of money owed to him. This

simply is not the type of harm that the three-year statute of limitations for actions involving personal injury or property damage is meant to cover.

*Case v. Goren, supra* dealt with the appropriate statute of limitations for an action for money damages for fraudulent representations which led the plaintiff to purchase stock, or, in the alternative, for rescission of the contract of purchase and sale and restitution of the purchase price. The trial court held the plaintiff's entire suit barred due to the lapse of the three-year statute of limitations provided by R.J.A. § 5805(7). In reversing as to both counts, the Court of Appeals agreed that the contract statute of limitations (R.J.A. § 5807(8)) did not apply since the plaintiff did not allege that the terms of the contract had been breached. It disagreed, however, with the trial court that the three-year statute of limitations of R.J.A. § 5805(7) applied, relying instead on *Fries*. That case established a three-step process for determining the appropriate statute of limitations to be applied. *Case* restated the process as follows:

> If an express contract exists, the six-year statute will apply; if the action is in tort involving injury to person or property or alleges an implied contract, the three-year statute will apply. To apply the three-year period, the nature of the injury *must* involve injury to persons or property. The pleadings cannot allege an action involving injury to persons or property as being based upon an implied contract for the purpose of invoking the longer six-year statute of limitations.

*Id.*, 43 Mich.App. at 682, 204 N.W.2d 767. *Case* decided that the fraudulent misrepresentations dealt with the plaintiff's "expectation of profitability and of value of the business concern." It said, "It would be a strained interpretation indeed to consider the latter as being injury to person or property in the classic tort sense of the word." *Id.* at 681, 204 N.W.2d 767. *Also see, Sweet v. Shreve*, 262 Mich. 432, 247 N.W. 711 (1933). The court, therefore, held that the proper statute of limitations to be applied in actions for fraudulent misrepresentation was R.J.A. § 5813.

As *Case* explained, then, where there is no injury in a classic tort sense, the three-year limitation period of R.J.A. § 5805(7) is not applicable. Rather, the court should look to either R.J.A. § 5813 or, if the circumstances dictate, R.J.A. § 5807(8). We, too, feel it would be a "strained interpretation" to hold this action governed by R.J.A. § 5805(7). There is no injury to person or property as explained by *Fries* or *Case*. Fessler obtained property through a contract Britton now attempts to hold voidable. Fessler claims Britton has waited too long to try to reclaim the property since the tort statute of limitations has run. *Fries* and *Case* rejected similar arguments, for reasons which we also adopt.

An example of the type of harm intended to be covered by the three-year statute of limitations is found in *Stringer v. Sparrow Hospital*, 62 Mich.App. 696, 233 N.W.2d 698 (1975). Although it seems irreconcilable, *Stringer* is distinguishable. *Stringer* equated a denial of employment opportunities and damage to professional advancement as, in essence, a violation of civil rights, which the court felt was in the nature of a personal injury. The present case does not involve civil rights—merely economic rights. If an invasion of economic rights without civil rights overtones can qualify as a "personal injury" then, we submit, the exception for "injuries to person or property" (R.J.A. § 5805(7)) would swallow the rule ("all other personal actions shall be commenced within the period of 6 years" ... R.J.A. § 5813). Indeed, every breach of contract necessarily involves an invasion of economic rights. In short, we believe this case is closer to *Case*, than to *Stringer*.[5]

5. Similar to *Stringer* and hence also distinguishable from the case at bar, is *Glowacki v. Motor Wheel Corp.*, 67 Mich.App. 448, 241 N.W.2d 240 (1976). Like *Stringer, Glowacki* involved a plaintiff suing an employer for wrongful discharge. As the right involved there—the right to be free from discriminatory treatment in employment—has the identical civil rights over-

Although we need not pigeonhole the complaint, since all we have to do is say what it isn't—and we hold that it is not an action to recover damages for injury to person or property—we have nonetheless attempted to categorize it. As stated earlier, this lawsuit is best categorized as an equitable action for restitution. Neither party directed us to any authority which applies a special period of limitations to an action for restitution, and we were unable to find a specific one on our own. Be that as it may, if this action is one properly labeled as restitution, some guidance may be obtained from R.J.A. § 5815, which states, in pertinent part, the "prescribed period of limitations shall apply equally to all actions whether equitable or legal relief is sought". Since this action had its origins in contract, and since restitution is commonly associated with contract remedies,[6] we feel the six-year limitation of R.J.A. § 5807(8) is more justified than the tort statute of limitations.

The case also bears resemblance to an action for conversion. Conversion has been defined in Michigan as "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein," *Nelson & Witt v. Texas Co.*, 256 Mich. 65, 70, 239 N.W. 289 (1931). As stated, the disaf-

firmance of the contract in 1983 effected a rescission. The rescission arguably created a right in the plaintiff to have restored to him the cash down payment being held by Fessler.[7] When, within a reasonable time after the demand for its return, Fessler failed to return the deposit, the plaintiff became entitled to sue in a court of equity to have the deposited funds returned to him.

Any wrongful act of dominion would have occurred in this case subsequent to the time that the plaintiff disaffirmed the contract on August 15, 1983. Therefore, any limitation period would have commenced to run at that time. In *Chrysler Corp. v. Bunnell Chrysler Dodge, Inc.*, 620 F.Supp. 1265, 1267 (E.D.Mich.1985), it was held that conversion actions were barred by a six-year, and not by the three-year period of limitations of R.J.A. § 5805(7).[8] Therefore, following both *Chrysler* and the Michigan cases it relied upon, to-wit: *Drapefair, Inc. v. Beitner*, 89 Mich.App. 531, 280 N.W.2d 585 (1979) and *Miller v. Green*, 37 Mich.App. 132, 194 N.W.2d 491 (1971),[9] and for the reasons stated earlier, we hold that this case is not barred by R.J.A. § 5805(7). An order denying the defendant's motion for summary

tones found in *Stringer*, the court drew heavily on *Stringer* as precedent for its conclusion that the three-year limitation period applied.

6. *Restatement (Second) of Contracts* § 376, and Introductory Note, p. 199 (1979).

7. We decide only the question of whether this action is timely filed. We are well aware that a party who contracts during his incompetency is not always entitled to recover property delivered to the other party. Equity requires the plaintiff to show that the defendant acted in bad faith, or with knowledge of the plaintiff's incompetency, or with fraudulent intent. *See Restatement (Second) of Contracts* § 15(a)(2) (1979) and subsequent comments; 41 Am. Jur.2d, *Incompetent Persons* § 89 (1964); D. Dobbs, *Remedies* § 13.4 at 986–88 (1973). Whether the plaintiff has established these elements will be decided at trial.

8. The court's opinion in *Chrysler Corp. v. Bunnell Chrysler Dodge, Inc.*, 620 F.Supp. 1265, 1267

(E.D.Mich.1985) contains what is obviously a typographical error. The case holds that the period of limitations for conversions arising from non-UCC contracts is six years, yet it cited the section of the Michigan Revised Judicature Act, which governs tort actions, R.J.A. § 5805, which provides a three-year period of limitations. Since the court obviously meant to apply a six-year limitation, we assume it actually meant to refer to R.J.A. § 5813, which governs personal actions in general, or R.J.A. § 5807(8), which governs contract actions.

9. We take note of *Continental Casualty Co. v. Huron Valley National Bank*, 85 Mich.App. 319, 271 N.W.2d 218 (1978), and distinguish it from the present case. As explained in *Chrysler Corp. v. Bunnell Chrysler Dodge, Inc., supra*, conversion actions not involving Article 3 of the Uniform Commercial Code are governed by a six-year limitation period. Since *Continental Casualty* involved forged endorsements on checks which clearly falls within Article 3 of the Uniform Commercial Code, it is distinguishable on the facts of this and the other cited cases.

judgment will be entered contemporaneously herewith.